*27
 
 PeaRsoit, C. J.
 

 Every one who reads the evidence in this case, will feel that the defendant is much to blame for having, by his own bad example, and his want of proper discipline, raised up a set of unruly and disorderly sons, but we are of opinion that the evidence does not support the allegations of the bill of indictment, so as to make out an indictable offense.
 

 The dwelling house of the defendant, where the disorder and noise occurred, was in the country, and not on, or near a public road. The neighborhood was thickly settled, there being five families within the distance of a mile of him. Two^ of these families were frequently disturbed at a late hour of the night, by the noise and uproar made by the sons of the defendant. The other three families were not disturbed by it, and did not hear it. The defendant did not join with the sons in making the noise.
 
 “ At
 
 times he would try to keep them in order.”
 

 Admit, that if this disorder had been committed in a town, where all the good people of the State had a light to be, and to pass and repass, or on or near a public highway, upon the authority of the
 
 State v. Roper,
 
 1 Dev. and Bat. Rep. 208, it would have amounted to a common, as distinguished from a private, nuisance, so as to be indictable, yet it is clearly not so, having been committed in the country to- the- disturbance of only twmfhmiii'es residing in the vicinity. In
 
 State
 
 v.
 
 Matthews,
 
 2 Dev. and Bat. Rep. 424, it is decided that one wdio lived in the country, and wdio occasionally entertained disorderly company, and permitted them to drink, gamble, curse, and make loud noises, and who took pay for their entertainment, was not the keeper of a public house, and was not liable to indictment for keeping a disorderly house. That ease is stronger than ours-in two particulars. It is true, the indictment alleges an assemblage of certain evil disposed persons, as well men as women of bad fame,, and as well free persons as slaves, but the evidence shows that no persons were present but the defendant and
 
 his five sons.
 
 So, it is true, the indictment alleges that the defendant permitted the disorder for his own
 
 lucre and gain ;
 
 but there is no evidence of this. On
 
 *28
 
 the contrary, it is evident that tire defendant was a
 
 loser
 
 rather than a
 
 gainer
 
 by the drunkenness and misconduct of his sons.
 
 “
 
 He did not keep'spirits for sale.”
 

 The precedents all contain the averment, that it was done for “lucre and gain,” and the distinction seems to be this: "Where the defendant commands, or actively encourages, the unlawful =aet, he is as guilty as if lie had committed it himself, there being no accessories in misdemeanors, and there need be no proof of the averment. But where he is passive and simply permits the act to be'done, there it is necessary, in order to connect him with it, to prove that his permission was given, and that he allowed it for Ms'“ lucre and gain.”
 

 However this may be, it is clear that the evidence does not make out a
 
 common nuisance.
 
 There is error, and must be a
 
 •venire de novo.
 

 Per CubiaM, Judgment reversed.