Verdict of guilty, judgment, appeal by defendant.
The indictment is for keeping a disorderly (629) house, and the exceptions apparent upon the record are to the admission of certain testimony offered to support the charge. These we proceed to consider.
1. A witness for the state who had frequently passed the defendant's shop in the early morning and late at night, and had seen there drinking and disorderly crowds, was asked whether the female members of his family were permitted to go along the road leading by the shop on their way to the Sunday school, on account of its character. The testimony on objection was received as some evidence of disturbance and annoyance.
The testimony is admitted solely to show the inconvenience to the family which prevented the use of a public road, passing by the house of the defendant. Thus restricted we see no just objection to its being heard by the jury. The witness spoke of the condition and character of the place from personal observation, and it was not improper to allow him to say what were the consequences to the other persons of his family.
2. Another witness had testified to the disorderly character of the house, and to his having come to the solicitor at the instance of another to report a case of retailing liquor without license, against the defendant, and had then mentioned the disorderly conduct of the defendant, and was cross-examined at great length upon these matters, in order to prove his ill-will and prejudice towards the accused, when his Honor remarked that the counsel had carried the examination in that direction far enough, and that it was the duty of a good citizen to report crime when inquired of by the solicitor. The exception is to the latter part of the remark, as violating the act of 1796. *Page 484 
We think the expression used was pertinent and proper, and correct in itself. It certainly becomes a law abiding citizen to convey, not to withhold, any information he may possess, when interrogated (630) by the prosecuting officer of the state, and the act is not to his discredit. His activity in bringing about a prosecution may be inquired into to show the bias or ill-will of the witness, and this is Honor did not interfere with, until the examination had become needlessly protracted; and this was within the discretion of the court, when no right is denied and no material information withheld. We are able to see how the enunciation of a correct proposition, not calculated to mislead, can be deemed a judicial impropriety or an intimation to the jury of an opinion as to the weight of the evidence or their finding upon it. The judge does not sit upon the bench as a silent and passive spectator of what is going on, but to administer the law and guide the proceedings before him, and if such exceptions as this are entertained, it would greatly impair the judicial functions and the administration of justice.
3. The third exception may be dismissed with the remark that the testimony that the defendant had been seen in unruly and turbulent crowds, drunk, hallooing and noisy, as they came to and went from the house, was affirmative evidence of guilt. State v. Thornton, 44 N.C. 252.
After verdict a new trial was moved for the additional reason that according to the evidence, the offence had not been committed and the finding of the jury was against the evidence. If by this it be meant that the verdict is against the weight of the evidence, the suggestion cannot be entertained here, as the duty of determining the facts upon the proofs, and the sufficiency of the proofs, rest alone with the jury, and with the judge below in an application addressed to his discretion, to set the verdict aside.
If it be intended to say that there is no evidence in support of the charge, we have to say in answer that an instruction to this effect should have been asked while the case was before the jury. Not only was this not done, but the case states that no exception was (631) taken to the charge. The defendant cannot therefore complain. But if it had been requested in time and refused, it would not be error. There was much evidence of the disorderly character of the house and of the defendant's own direct encouragement of it. It was on a public road, and it must be assumed that the disturbance to those who resided in the vicinity was also a disturbance to all orderly and good citizens passing along the road. It is no excuse for the defendant's conduct that his house disorderly maintained and in itself a public nuisance, did not in fact annoy or disturb a witness examined *Page 485 
as to its character. A house of this description by the side of a high-way is itself a nuisance and punishable by the law, and must be assumed to produce its natural consequences. In State v. Wright, 51 N.C. 25, it is held that a house although if disorderly kept in a retired place in the country and annoying to two families only, was not an indictable offence, becomes so, as remarks PEARSON, C. J., "if this disorder had been committed in a town where all the good people of the state had a right to be and to pass and repass, or on or near a public high-way."
When therefore a house thus located is shown to have been continuously maintained as disorderly, whether few or many are proved to have been in fact disturbed, the offence is consummated. It cannot be necessary to summon numerous witnesses to prove personal annoyance to each, for when the illegal character of the house is established by sufficient proof, it becomes indictable, for the reason that no one has a right to keep a disorderly house when people passing may be disturbed, and some are disturbed.
There is no error. This will be vertified [verified] for judgment below.
No error. Affirmed.
Cited: S. v. Wilson, 93 N.C. 609; S. v. Calley, 104 N.C. 860; S. v.Jacobs, 106 N.C. 696; S. v. Howard, 129 N.C. 661; S. v. Baldwin,178 N.C. 690; S. v. Hart, 186 N.C. 601; S. v. Shipman,202 N.C. 544; S. v. Everhardt, 203 N.C. 618; S. v. Carter,233 N.C. 584.
(632)