JOHNSON, CLARK & CO. v. MAXWELL & BUTLER.

*Verification of Pleadings—Right to open and conclude.*

1. A verification to a complaint, made by an agent or attorney of a nonresident, to the effect that the claim sued on is in writing and in his possession for collection—giving facts in his personal knowledge and sources of other information—meets the substantial requirements of section 117 of the Code.

2. The right to open and conclude the argument is with the plaintiff, where there are several issues and he is called on to sustain only one of them.

3. No appeal lies from an order granting or refusing a continuance.

CIVIL ACTION tried at Fall Term, 1881, of MECKLENBURG Superior Court, before *Avery, J.*

Verdict for plaintiffs, judgment, appeal by defendants.

*Messrs. Jones & Johnston*, for plaintiffs.
*Messrs. Hoke & Hoke* and *T. M. Pittman*, for defendants.

SMITH, C. J.   The action is instituted to recover of the defendants the aggregate amount due on the several promissory notes described in the complaint, with interest since their maturity, given on September 1st, 1876, as is alleged in the settlement of a pre-existing indebtedness, then in suit, and to obtain further time for payment.

The defendants admit the indebtedness, as charged, and set up three counter-claims for damages sustained by a breach of contract of the plaintiffs, to wit:

1. In selling sewing machines within certain territory assigned to the defendant, Maxwell, their agent in the business, under an agreement that he should have the exclusive right of vending them therein.

2. In failing to advertise the agency of said Maxwell in the advertisement of their own business in said territory.

3. In neglecting to reimburse their said agent for moneys expended in replacing defective and worn out parts of the machinery, as stipulated in the several contracts of sale to be replaced by the plaintiffs on certain conditions to the respective vendees.

To these several counter-claims the plaintiffs put in a replication of denial, and say that any such claims or causes of action existing prior to September, 1876, were included in the adjustment then made, the balance of which is represented in the several notes in suit.

I. The first exception appearing on the record is taken to the refusal of the court to grant a continuance upon the grounds stated in the affidavit submitted, and compelling a trial.

The cause had been depending since 1877, and at spring term, 1881, had been continued on an affidavit for defendants for the absence of some or all of the witnesses, and for

causes similar to those now assigned in support of the mo·
tion.   For this and other reasons deemed sufficient by the
court, the defendants were ruled into trial.   We refer to
this exception, not pressed here as a reviewable error, only
to say that in the light of repeated decisions, and with the
law well settled, we are unable to understand why it should
be the subject matter of appeal.   We deem it entirely use-
less to make references on the point.

II. The defendants were overruled in their demand for
judgment for their counter-claim, on the ground of the in-
sufficiency of the verification of the replication made to
their sworn answer.

The affidavit, essentially the same as that annexed to the
complaint and to which no exception was taken, is as fol-
lows :

"R. Barringer makes oath that the plaintiffs are all non-
residents; that he is both agent and attorney for them in
this county and state ; that the claims sued on are all in
writing and in his possession for collection ; that most of the
facts involved are in his personal knowledge, or derived from
correspondence with the plaintiffs, and from frequent in-
terviews for them with defendant, Maxwell ; and that the
same are true except those stated on information and belief,
and as to those, he believes them true." (Sworn and sub-
scribed by R. Barringer, before the clerk.)

The affidavit is in our opinion a substantial compliance
with the requirements of the Code. § 117.   It declares that
the claims sued on are in writing and are in possession of
affiant as the plaintiffs' agent and attorney for collection ;
that most of the facts are within his personal knowledge,
and that the sources of his information are communications
from his principals and interviews with the debtor ; and
that the plaintiffs do not reside in the state.   This seems to
fulfil the conditions prescribed when the verifying oath is

made by the agent. A verification not as full and explicit was held sufficient in *Wheeler* v. *Chesby*, 14 Abbott, 442.

III. The remaining exception is to the refusal of the judge to allow the defendants' counsel to open and conclude the argument before the jury, after the third counter-claim had been withdrawn. Two issues were submitted to the jury:

1. Was there a settlement between plaintiffs and defendant in September, 1876, and did the defendant on said settlement execute a release of all claims against the plaintiffs on his part, arising prior to that date?

2. What damages, if any, is the defendant entitled to recover by reason of any breaches of contract on the part of the plaintiffs after September 2d, 1876?

The defendant admitted that the release mentioned in the first issue was executed, and the jury responded to the inquiry of damages that the defendant was entitled to none.

The controversy involved in the last issue seems to arise out of the plaintiffs' allegation in the replication, that all the counter-claims were concluded in the settlement and extinguished by the release, while the defendant insisted there were claims outside of and subsequent to the release. The burden then rested on the plaintiffs to give the comprehensive scope to their defence, against the defendant's demands that the release extended to all. Such seems to have been the view of the controversy taken by the court, and on which the ruling was made.

It may admit of some doubt on which party the affirmative devolved, but as ordinarily the plaintiff opens and concludes, the scale in such case must incline to support the general rule which accords the privilege to the plaintiff. When there are several issues, if the plaintiff is called on to maintain a single one, and the defendant the others, the right is accorded to the former. Aside from the fact that the first issue was an affirmative resting on the plaintiffs,

the second seems to be double, and virtually to include two affirmative propositions—first, that the release covered all the claims, and secondly, that it did not cover such as accrued subsequently. We therefore sustain the ruling of His Honor.

· It is to be regretted that a matter of practice, in reference to the conduct of the discussion and the order of argument, should have been allowed to be assigned as error in law for a supervising appellate jurisdiction, and not left to the sound discretion of the presiding judge in the court of trial. But the adjudications have settled the matter otherwise, and we do not feel at liberty to disturb the line of decisions hitherto made by the court. There is no error.

No error.                                    Affirmed.