## STATE v. DANIEL WHITE.

*Larceny, evidence in—Recent Possession.*

1. On trial of an indictment for larceny, charging the defendant with stealing a hog, the property of some person to the jurors unknown, *it was held*, that the testimony of witnesses, living in defendant's neighborhood, to the

effect that they lost hogs about the time when the defendant sold "dressed hogs" and brought them to a witness in a cart covered with a cloth, one with its head off, the defendant denying the sale, and then admitting it in the same conversation, constitutes some evidence pertinent to the issue, and was properly left to the jury.

2. When a combination of facts and circumstances reveal the dignity of evidence, stated by MERRIMON, J., and the duty of the court in such case pointed out.

3. The charge of the court below upon recent possession approved.

(*Cobb* v. *Fogalman*, 1 Ired., 440; *State* v. *Vinson*, 63 N. C., 335; *Wittkowsky* v. *Wasson*, 71 N. C., 451; *State* v. *Massey*, 86 N. C., 658, cited and approved).

INDICTMENT for larceny tried at Spring Term, 1883, of BERTIE Superior Court, before *Philips, J.*

The defendant is charged with stealing a hog, the property of some person to the jurors unknown.

The substance of the testimony is as follows: One Keter testified that the defendant lived within a mile and a half of him, and that he knew the defendant's hogs. In February, preceding the trial, defendant asked witness if he had accused defendant of stealing hogs, and one Bailey, who was present, said to defendant: "Haven't you sold some pork?" "Not a pound," replied the defendant. "Haven't you sold some salted meat?" "Not a pound." Bailey then said: "I know you have sold some." And defendant replied: "Yes, I sold one shoat to Ward, and I can prove that it weighed 120 pounds." Ward came up, and, upon being asked if he had bought pork of defendant, replied: "Yes, 120 pounds."

Miles Bailey testified that defendant told him he had only two shoats to make his meat; that witness' hogs had strayed off, and defendant said his had strayed off also; the defendant had a sow and pigs which he said he was raising on shares, and also a sow and two shoats which witness said would not weigh over 60 pounds gross; that the defendant said he had been accused of stealing, denied having sold any pork, but in the course of conversation confessed that he had sold one shoat to Ward, weighing 120 pounds, and Ward, who was present, said he bought the

same of defendant; that defendant said he had killed six hogs, but the only meat he had sold was to Ward. Witness testified he had lost his hogs.

George Smith testified that he lives in one mile of the defendant, and that he also lost hogs, but could not say what became of them.

M. F. Parker testified that defendant sold him two dressed hogs, one of them with its head off, and the two weighed 182 pounds; that they were brought to him in a cart, and were covered up with a cloth.

These transactions took place in the fall and winter, preceding the finding of the indictment. The defendant introduced no testimony.

The defendant's counsel requested the court to charge the jury that the evidence was not sufficient to warrant a conviction. This the court declined to do, but submitted the whole testimony, with instructions to the jury to determine its weight.

The defendant filed the following exceptions:

1. For that the court declined to charge the jury that the evidence was not sufficient to convict.

2. Because the court instructed the jury that they might consider the facts that the witnesses had lost hogs in the neighborhood about the time the defendant sold two hogs to Parker.

There was a verdict of guilty; judgment; appeal by the defendant.

*Attorney-General*, for the State.
No counsel for defendant.

MERRIMON, J. It is well settled law, that the court must decide what is evidence, and whether there is any evidence to be submitted to the jury, pertinent to an issue submitted to them. It is as well settled, that if there is evidence to be submitted, the jury must determine its weight and effect. This, however, does not imply that the court must submit a *scintilla*—very slight evi-

dence; on the contrary, it must be such as, in the judgment of the court, would reasonably warrant the jury in finding a verdict upon the issue submitted, affirmatively or negatively, accordingly as they might view it in one light or another, and give it more or less weight, or none at all. In a case like the present one, the evidence ought to be such as, if the whole were taken together and substantially as true, the jury might reasonably find the defendant guilty.

A single isolated fact or circumstance might be no evidence, not even a *scintilla;* two, three or more, taken together, might not make evidence in the eye of the law, but a multitude of slight facts and circumstances, taken together as true, might become (make) evidence that would warrant a jury in finding a verdict of guilty in cases of the most serious moment. The court must be the judge as to when such a combination of facts and circumstances reveal the dignity of evidence, and it must judge of the pertinency and relevancy of the facts and circumstances going to make up such evidence. The court cannot, however, decide that they are true or false; this is for the jury; but it must decide that, all together, they make *some evidence*, to be submitted to the jury; and they must be such, in a case like the present, as would, if the jury believed the same, reasonably warrant them in finding a verdict of guilty. *Cobb* v. *Fogalman*, 1 Ired., 440; *State* v. *Vinson*, 63 N. C., 335; *Wittkowsky* v. *Wasson*, 71 N. C., 451; *State* v. *Massey*, 86 N. C., 658; *Imp. Co.* v. *Munson*, 14 Wall., 442; *Pleasants* v. *Fonts*, 22 Wall., 120.

In this case, there is, in our judgment, evidence to be submitted to the jury. The facts and circumstances of the case, as stated in the record, taken all together, were such as, if true, and the jury believed them to be true, would reasonably warrant them in finding a verdict of guilty. The facts were pertinent and relevant, and each tended to prove the allegation contained in the indictment, and, taken all together, they constitute *some evidence* to be submitted to the jury.

30

The fact that the witnesses, residing in the immediate neighborhood of the defendant, each had lost hogs, as testified to by them, was pertinent; it tended materially, if true, in connection with the other facts in evidence, to establish the guilt of the defendant.

The court, in respect to the possession of the pork, substantially told the jury that the possession thereof did not raise a presumption against the defendant, unless it was so recent after the alleged larceny as excluded the opportunity of others to steal the property. It was fairly, indeed favorably, for the defendant, left to the jury to find whether the possession of the property was recent or otherwise. The exceptions to the charge cannot be sustained, and having carefully examined the whole record, we are of the opinion that the judgment of the court below must be affirmed.

No error. Affirmed.