STATE v. BILL J. JAMES.

*Larceny—Evidence—Judge's Charge.*

1. There is no evidence in this case connecting the defendant with the alleged larceny, and the court should have so instructed the jury.

2. To constitute evidence, the acts and declarations of the accused must in themselves, or taken in connection with other facts, imply criminality in regard to the offence charged, and not a mere suspicion of guilt.

(*State* v. *White,* 89 N. C., 462; *State* v. *Patterson,* 78 N. C., 470; *State* v. *Rice,* 83 N. C., 661, cited and approved).

INDICTMENT for larceny tried at Fall Term, 1883, of BEAUFORT Superior Court, before *Avery, J.*

The defendant is charged with stealing two barrels of pork, the property of A. N. Vail & Son. The indictment was found by the grand jury in Washington county and removed to Beaufort county for trial.

The evidence was, " that a warehouse in which the pork was stored was broken open on Saturday night before the finding of the bill, and the pork taken therefrom; and it was found by witness on the following Tuesday morning in the water, near the bank of the Roanoke river, in the town of Plymouth—one end of each barrel being a little above the water." "Another witness testified that on Monday night after the alleged larceny the defendant told him that another man (naming him) had thrown some pork overboard into the river, and said to the witness, 'Let us go down and get it'; that defendant took the witness to a point on the bank of the river, near where the first witness stated he found the pork, and the defendant and' the witness felt with poles for a few minutes for the pork, and for some reason the witness left the defendant and went off. There was no other testimony offered."

The defendant's counsel asked the judge to instruct the jury that there was no evidence to go to the jury of the defendant's guilt, but this was refused. There was a verdict of guilty. The defendant moved for a new trial upon the ground of insufficiency of evidence and the refusal of the court to charge as requested. The motion was overruled, and the defendant appealed from the judgment pronounced.

*Attorney-General,* for the State.

No counsel for the defendant.

MERRIMON, J. There was evidence to prove the larceny of the pork by some person, but in our judgment, what the defendant said to the witness did not constitute evidence to go to the jury to prove that he stole the pork, or received the same knowing it to have been stolen.

There was no fact or circumstance with which he had any connection, so far as appears, tending to show his guilt, apart from what he said to, and did in the presence of, the witness. What he said about the pork may have been true; it might be, and was, so far as appears, consistent with his innocence; it did not naturally, necessarily imply his guilt, or guilty knowledge of a larceny. If there had been other facts or circumstances, even slight in their nature, pointing to him as the guilty party, what he said and did might be important; but taken alone it simply creates a suspicion.

It does not appear that he knew of the larceny at the time he talked with the witness, nor that he and the witness discovered the pork when they went to the river, nor that he knew at the time that what he said was false. He said that a person, naming him, "had thrown some pork overboard in the river." He thus suggested means of contradicting himself; he was not contradicted; he and the witness went to the river, and "felt with poles for a few minutes for the pork"; it does not appear that they found it. There was neither concealment of anything, nor secrecy enjoined, nor word or act, that in its nature suggested in itself, guilt on the part of the defendant, unless it be the unusual and improbable fact that a man should honestly throw "some pork overboard" and that he should go to get some of it. This fact raises suspicion against him. The man, however, might have thrown pork overboard with criminal intent, and the defendant may have had no connection with such criminal purpose.

To make evidence, what is said and done must in itself imply criminality in regard to the offence charged in the indictment; or taken in connection with another fact, or other facts and circumstances, many or few, must imply criminality, not a mere suspicion; but it must imply it so strongly, as that, taking the fact, or the whole together, as true, the jury would reasonably be warranted in finding the defendant guilty. Facts short of this do not constitute evidence.

It is settled that facts and circumstances, to constitute evidence to go to the jury, must be such as would reasonably justify them in finding a verdict of guilty, if they believe the evidence to be true. A single fact may be strong evidence; a multitude may be so slight and so slightly bearing upon each other, tending to support an allegation, that they do not altogether make evidence; a multitude of little facts and circumstances, each proving nothing in itself, taken in their relative natural bearing upon each other, may make the strongest evidence. *State v. White*, 89 N. C., 462, and the cases there cited; *State v. Patterson*, 78 N. C., 470; *State v. Rice*, 83 N. C., 661.

We are of opinion that, taking the facts as true, bearing upon the defendant, they were not evidence to be submitted to the jury to prove him guilty. The court erred in refusing to so adjudge. For this error the defendant is entitled to a new trial. New trial awarded. Let this be certified according to law.

Error.                                     *Venire de novo.*