L. P. FORTESCUE et als. v. M. MAKELEY et als.

*No Evidence—Agent—Judge's Charge.*

1. Where the only evidence to show an agency was that some money belonging to the alleged principal had been paid to the party sought to be proved an agent, and the alleged agent had done sundry acts of kindness for the alleged principal ; *Held*, no evidence to create an agency.
2. Evidence which only gives rise to conjecture is calculated to bewilder and mislead a jury, rather than to lead them to a just conclusion.
3. Facts to be given in evidence to prove any particular matter, should, in their bearing upon each other, tend to prove the matter to be established, and should point to it with such degree of certainty as will prove it to the satisfaction of a reasonable mind.
4. It is error for the Court to leave a material fact to the jury upon which there is no evidence.

(*Cobb* v. *Fogleman*, 1 Ired. 440 ; *State* v. *White*, 89 N. C., 462 ; *State* v. *James*, 90 N. C., 702, cited and approved).

CIVIL ACTION for the possession of land, tried before *Graves*, *J.*, and a jury at Fall Term, 1884, of HYDE Superior Court.

The plaintiffs brought this action to recover possession of the land described in the transcript, and claim to derive title thereto from Mrs. C. E. Slade, who executed to them a deed therefor,

dated the 20th day of April, 1870. This deed purports to have been made in consideration of one dollar, and natural love and affection for the grantees named therein, who are the plaintiffs and the nephews and nieces of the grantor.

In the year 1870, there were docketed judgments in the Superior Court of the county of Hyde, against the said Mrs. Slade in favor of John L. Northam and other creditors, founded on debts contracted prior to the year 1867. Executions issued upon these judgments, and the land mentioned, situated in the said county, was sold under the same by the sheriff of that county, and the defendant, W. H. Fortescue, became the purchaser thereof at the price of $370, and on the 4th day of March, 1872, the sheriff executed to him a proper deed therefor. This deed purported to convey to the purchaser all the right, title and interest of the defendant in the execution in the lands to the purchaser.

In September of 1878, W. H. Fortescue sold and conveyed the lands mentioned to his co-defendant M. Makeley.

The defendants contend that the deed executed by Mrs. Slade to the plaintiffs was, voluntarily, fraudulent and void as to creditors, and that she did not retain property fully sufficient and available to discharge the debts and obligations owed by her at the time of the making of the conveyance under which the plaintiffs claim.

The plaintiffs, on the other hand, contend that Mrs. Slade retained property ample in value and available to pay all debts due from her at that time; and they further allege, that the defendant W. H. Fortescue, at the sheriff's sale mentioned, purchased the land as the agent of, and for Mrs. Slade, and paid for it with her money, and that this sale was therefore void.

On the trial the defendants, among other things, contended that there was no evidence that W. H. Fortescue purchased the land at the sheriff's sale as the agent of Mrs. Slade and paid for it with her money; and they requested the Court to so instruct the jury. The Court declined to give this instruction, but told

the jury, "that if W. H. Fortescue purchased the lands at execution sale as Mrs. Slade's agent and with her funds, the sale would be void, because an execution debtor cannot purchase at his sale, and therefore, that if the plaintiff's deed was delivered, the plaintiff would be entitled to recover."

There was no positive evidence introduced on the trial to prove such agency, and the only evidence from which it could possibly be inferred, was the following:

One witness testified that:

"In 1872, sold some corn off Slade farm and gave money to W. H. Fortescue, from $40 worth to $80—between those two limits; it was fifteen or twenty barrels of corn. This was in the winter or spring of 1872, unable to say which. Upon cross-examination witness said, "I do not know that I testified last court, that it was in the latter part of spring."

Another witness said, "can't say who Mrs. Slade lived with generally; sometimes with W. H. Fortescue, and sometimes at her place with John Fortescue."

Another said, "I did not deliver rent to Porter Fortescue in 1869; W. H. Fortescue not to deliver any corn until he gave me orders; W. H. Fortescue delivered the corn to his brother Porter Fortescue; I rent the farm from W. H. Fortescue. Will Russell and W. H. Warren used part of the corn out of rent barn. I satisfied W. H. Fortescue when rent was ready; I left in February, 1870. In 1868–'69 Mr. Fortescue got some rents from two or three acres that had been lying out; I would not have paid over $50 rent for a certainty, in condition land was in; Harrison Fortescue supported Mrs. Slade and paid her bills; the rent of land did not yield enough to support Mrs. Slade; Mrs. Slade had no other land that I know of; sold some cattle for Mrs. Slade in 1869, and paid money to Porter Fortescue at her request; Porter and John Fortescue attended to Mrs. Slade's matters as well as Harrison; saw Harrison paid one account for Mrs. Slade."

Another said, "Mrs. Slade boarded with me, in 1869 or 1870, about twelve months; W. H. Fortescue paid me her board; being in the family I charged her $8 per month."

On the 18th of March, 1872, Mrs. Slade empowered the defendant Fortescue to receive and receipt for the money in the office of the clerk of the Superior Court, the proceeds of the sale of the land, not required to pay the execution in the hands of the sheriff.

This sum was $30.

There was a verdict and judgment for the plaintiffs, and the defendants appealed.

*Messrs. Pace & Holding* and *Latham & Skinner*, for the plaintiffs.

*Messrs. Geo. H. Brown, Jr., Rodman & Son* and *C. F. Warren*, for the defendants.

MERRIMON, J., (after stating the facts as above.) We think that the court ought to have instructed the jury, that there was no evidence to prove that the defendant Fortescue purchased the land in question at the sheriff's sale, as the agent of and for Mrs. Slade, and paid for the same with money furnished for that purpose by her.

It clearly does not appear positively from the evidence, that she requested or instructed him to purchase it, or that he had of her money any considerable part of the sum of money required to pay for it. Nor does it so appear, that he engaged to purchase it for her, or that such relations existed between them as would reasonably imply any, the slightest obligation resting on him to do so. It does not appear, that he was her general agent in any respect, or that he did more than occasional acts of friendly service, while others did like service for her, from time to time. Nor does it appear, that he made purchases for her at all—it only appears, that in the spring of 1872, he received of rents due her between $40 and $80, and that she authorized him to receive

for·her $30, the surplus of the purchase money paid for the land, and to execute a receipt therefor.

It is no where intimated in the evidence that Mrs. Slade manifested by word or act, any desire to purchase the land at the sheriff's sale, or that she thought there was any reason why she should do so; nor does the evidence show that she had the money required for that purpose.

Indeed, one witness stated that the rents of the land were not sufficient to support her.

Nor does the evidence show, that the defendant Fortescue, ever said anything, or did any act, that implied, or tended in itself to prove, that he purchased the land for her, or engaged to do so.

The slight facts relied upon by the plaintiffs, as sought to be applied, are vague and uncertain, and certainly do not of themselves imply, or tend reasonably to prove such agency as that alleged; nor are they such, taken severally or together, as make evidence from which the jury might reasonably infer it; and much less, do they create any presumption of such agency. The facts do not suggest or point to it with any degree of certainty; in their nature, and in the orderly course of things consequent upon them, it was not in any view of them essential; they did not make it necessary or probable; they barely give rise to vague conjecture. Such facts for such purpose are too uncertain and indefinite to produce conviction upon the mind, or to act upon in the ordinary course of business life; they were calculated to bewilder and mislead the jury in finding the fact sought to be established, rather than lead them to a rational and just conclusion.

Such facts are too slight in their nature and combination for the purpose contemplated to constitute evidence. To make evidence, they should together, and in their bearing each upon the other, tend reasonably to prove the fact to be established; in their nature, they should suggest and point to it with such degree of certainty as to prove it to the satisfaction of the reasonable

mind. This, in our judgment, the evidence failed to do. *Cobb* v. *Fogleman*, 1 Ired. 440; *State* v. *White*, 89 N. C. 462; *State* v. *James*, 90 N. C. 702.

The agency of the defendant Fortescue, as alleged by the plaintiffs, was treated on the trial as a material and controlling fact. The Court in refusing to tell the jury, as requested by the defendants, that there was no evidence to prove the alleged agency, and in telling them that if the defendant Fortescue purchased the land as agent of Mrs. Slade, the plaintiffs were entitled to recover, in effect instructed them that there was evidence from which they might find such agency to have existed. In this there was error, for which the defendants are entitled to a *venire de novo*, and to that end, let this opinion be certified to the Superior Court. It is so ordered.