## THE STATE v. SALINA CALLEY.

*Nuisance—Bawdy-house—Disorderly House—Evidence.*

1. To constitute a bawdy-house it must appear that it is a house of ill-fame kept as a place of common resort and for the convenience of lewd and lascivious persons of both sexes.

2. To constitute a disorderly house it must appear that the acts charged as producing the nuisance are such as tend to annoy, disgust and offend the sense of decency of the public generally, or the inhabitants of a particular neighborhood, or the passengers on a particular highway.

3. Where it was proved that on one occasion the daughter of defendant was seen in defendant's house in bed with a man; that the daughter had given birth to a bastard child; that on another occasion the defendant was seen in bed with a man, and her daughter at the same time in another room in bed with another man, and that on still another occasion the defendant was discovered by one who was travelling a highway, which ran near by, in the act of illicit sexual intercourse close to her house: *Held* not sufficient to warrant a conviction either for keeping a bawdy-house or a disorderly house.

This is a CRIMINAL ACTION, which was tried at January Term, 1889, of CATAWBA Superior Court, *Clark, J.,* presiding.

The indictment charges the defendant in the first count with keeping a bawdy-house, and in a second count with keeping a disorderly house. The evidence produced on the trial went to prove that on one occasion, at night, a witness saw a man in the house of the defendant in bed with one of her daughters; that at that time the defendant was in a room below stairs; that at another time a witness went to the house at night, got drunk on whiskey he did not get there, and lay across a bed until four o'clock next morning, and when he awoke he saw a man in bed with a daughter of the defendant and also a man in bed with herself in another room; that at another time, at night, a witness saw

the defendant along the big road, near her house, having sexual intercourse with a man; that a daughter of the defendant had a bastard child about eighteen months old. This was the substance of the evidence adverse to the defendant. She insisted that it was not sufficient to go to the jury to prove her guilt. The Court held otherwise, and she excepted. There was a verdict of guilty and judgment against her, from which she appealed.

*The Attorney General,* for the State.
*Messrs. M. L. McCorkle* and *F. L. Cline,* for défendant.

MERRIMON, C. J.—after stating the case: Accepting the evidence as true, the defendant was guilty of reprehensible, vicious and disgraceful conduct on repeated occasions, but it did not prove, in any reasonable view of it, that she kept, in a legal sense, a bawdy-house—a house as a habitation for prostitutes—a house of ill-fame kept as a place of common resort and convenience of lascivious and lewd people of both sexes. It proved that she was a woman of loose morals—a lewd woman; that she sometimes—it might be inferred, frequently—had sexual intercourse with men in and about her house, and her daughters did likewise with her knowledge, but it did not prove that her house was a place of common resort for prostitutes and lewd people of both sexes. She and her daughter were lewd women doing acts of prostitution in her own house  This does not make the offence of keeping a bawdy-house. *State* v. *Evans,* 5 Ired., 603 ; 1 Bish. Cr. Law, §§ 1037, 1038.

Nor do we think the evidence sufficient to prove that the defendant kept a disorderly house, as charged in the indictment. It was not sufficient to prove the nuisance charged. It did not appear, from any reasonable view of it, that she lived in a town or thickly settled neighborhood, that she kept a drinking place, that drinking and drunken men

and women from time to time assembled there, as well in the night as in the day; that many such dissolute people frequently resorted thither "to be, and remain, drinking, tippling, cursing, quarreling, and otherwise misbehaving themselves," as charged, or that the neighborhood or passers-by or about there were at all disturbed, or that they knew of the immoral conduct of the defendant and her daughter in the house of the former. *State* v. *White*, 89 N. C., 462; *State* v. *James*, 90 N. C., 702; *State* v. *Atkinson*, 93 N. C., 519.

It is keeping the house in such way and manner—helping, encouraging, permitting or tolerating such pernicious acts, things, transactions and practices in and about it—as creates an evil example to be seen, annoys, disgusts, scandalizes, shocks the moral sense, offends against the decencies and proprieties of the public generally, or the people of a particular neighborhood or vicinity, or the passers by on a particular highway that create and constitute the nuisance charged. As we have seen, the evidence did not prove such facts or the substance of them. It proved little more than that the defendant and her daughter were whoreish persons in and about the house of the former, of whose immoral practices the people generally in the vicinity and passers-by saw and knew but little, if anything, by observation or common reputation. It may be that the facts were far otherwise, to the great grievance of the community in which they occurred, but the evidence produced on the trial, as it comes to us, was not sufficient to so prove them. *State* v. *Patterson*, 7 Ired., 70; *State* v. *Wright*, 6 Jones, 25; *State* v. *Robertson*, 86 N. C., 628; *State* v. *Wilson*, 93 N. C., 608.

The Court should have told the jury that the evidence produced was not sufficient to warrant the conviction of the defendant, and to render a verdict of not guilty. As it did not, there is error and the defendant is entitled to a new trial. To that end, let this opinion be certified to the Superior Court according to law.                           Error.