## FLORA C. McQUEEN v. THE PEOPLES NATIONAL BANK OF FAYETTEVILLE.

*Pleadings—Admissions—Evidence—Trial by Jury—Practice— Continuance.*

1. When a debt is established by admissions in the answer, the matter pleaded in avoidance should be established affirmatively by evidence.

2. The defendant bank admitted the plaintiff had deposited with it a sum of money, and set up facts in its answer tending to show that the balance not drawn out had been assigned to it, but failed to offer any *evidence* in support of it: *Held*, the plaintiff was entitled to recover upon the pleadings.

3. Such ruling is not in contravention of right to have a jury pass upon the issues raised by the pleadings.

4. This Court will not review the ruling of the trial Judge refusing to grant a continuance, where it appeared that the defendants had not had their witnesses subpœnaed, having had ample opportunity so to do.

CIVIL ACTION, heard at May Term, 1892, of the Superior Court of CUMBERLAND County, before *Boykin, J.*

The plaintiff filed a verified complaint, in which she alleged that on or about the 19th of April, 1888, she caused to be deposited in the defendant bank "a large sum of money, about five thousand five hundred dollars, the exact amount of which she does not now remember, but is informed and believes it was five thousand four hundred and seventy-five dollars and seventy-eight cents ($5,475.78);" that subse--

quently, on November 18, 1889, she drew a check for $2,088.16, which was paid, but still later, on the 24th of December, 1889, she drew a check on defendant, payable to herself, for $3,387.62, presented the same for payment and demanded payment thereof, which was refused, wherefore she demanded judgment for the last-named sum of $3,387.62.

The defendant answered as follows:

1. That the first article of the complaint is true.

2. That the second article of the complaint is not true as therein stated, and the reasons sustaining this denial are fully set forth in further answer of this defendant.

3. That the matter set forth in the third article of complaint is true, subject to the following statement and qualification: The plaintiff did draw a check as therein stated, and the same was paid, but prior to this the plaintiff made application, through her attorney, to know if the same could be done, provided A. and W. McQueen would pay out a corresponding amount of their indebtedness to the defendant as endorsers for Neill McQueen, deceased, who was the husband of the plaintiff, and upon this being done, with only a small deficiency of being the same amount, and being done before the plaintiff's check was presented, she was informed that her check would be paid, and it was so done.

4. The matter alleged in the fourth article of the complaint is admitted, and the defendant relies upon the matter set out in the further answer hereto for defence thereto.

Further answering, the defendant alleges—

1. That the money so deposited by the plaintiff was upon the following terms and conditions:

The money being collected on the life insurance of Neill McQueen by George P. McNeill, agent for said insurance company, the latter carried the check for the amount to the plaintiff for her endorsement, that it might be collected, whereupon the plaintiff endorsed the check for collection, and placed it with said George P. McNeill, and said—

" I want this money deposited in the Peoples National Bank to the credit of William McQueen, administrator of Neill McQueen, deceased, to offset Neill's (meaning her husband, the late Neill McQueen) debts in the bank; I do not want one cent till his debt is paid."

At this time the said George P. McNeill was not at the bank, but at her home, when the plaintiff put the money (check) into his hands with the above instruction. The money due the plaintiff coming through the insurance companies in two several checks—a second visit was made the plaintiff by said George P. McNeill, at her home, to carry her the second check—the two checks together amounting to $5,475.78, when the plaintiff, after endorsing the second check for collection, gave the said McNeill instructions to deposit this, as the other was, and upon the same terms. These instructions, so given by the plaintiff, the said George P. McNeill fully and immediately carried out. Shortly thereafter, at the request of the plaintiff's attorney, made through William McQueen, in whose name, as administrator, the money was then deposited, the deposit was changed from William McQueen, administrator's account, to that of the plaintiff, upon the same terms as at first received, William McQueen being present and assenting thereto, which was entered in a pass-book for the plaintiff, as follows:

" The understanding on which this deposit is left is, that it shall offset indebtedness of the late Neill McQueen, and that the bank will allow interest on it at the same rate charged on said debt."

Which pass-book, with the foregoing entry, was sent to the plaintiff by her son, and thus the matter rested, the plaintiff, with full knowledge of the facts, making no dissent thereto for a period of time from fifteen to eighteen months; and before the check was paid out, as referred to in the third article of the complaint, the indebtedness of Neill McQueen to the defendant was reduced almost to the same amount that

the check called for, leaving an amount of indebtedness still due by Neill McQueen to the defendant, which the balance on hand, so received under the original contract of deposit, will be insufficient to pay off and discharge.

The defendant avers that the plaintiff, after receiving the money, directed an application of it to the debts due by Neill McQueen, her husband, to the Peoples National Bank, the defendant herein, and for a long time thereafter, so understood and ratified it, and the defendants have at all times been ready, able and willing to carry out and perform the contract on their part, and are still willing to do so, insisting and alleging that the fund was so appropriated by the plaintiff as collateral indemnity, and to pay the then existing liability of Neill McQueen to the defendant, who has so received it, and fully performed the contract on their part.

Wherefore, the defendant asks judgment of the Court that they be dismissed hence, etc.

The answer was signed by attorney and properly verified. There was no testimony offered by either of the parties. The issue and finding were as follows: "Is the defendant indebted to the plaintiff, and if so, in what sum? Answer, $3,387.62. with interest from December 24, 1889." The Court instructed the jury to respond to the issue precisely as they did respond, and the defendant excepted.

The Judge who tried the case below added the following to the statement of the case on appeal: "Memorandum—At the time the verdict was entered the Court was acting under the belief that defendant's counsel, when the motion for continuance was refused, withdrew his answer from the record. The docket shows the entries to this effect. But one of defendant's attorneys has, since adjournment of Court, filed an affidavit to the effect that the answer was never withdrawn. Therefore I do insert the said entries herein." (Signed E. T. Boykin, Judge). Accordingly the minutes were amended by making the entries as follows: "Docket record—At May Term,

1892, answer withdrawn ; at request of counsel for defendant, answer refiled. Judgment for plaintiff for $3,387.62, and interest on same from _____. Rule for new trial refused. Appeal by defendant."

The defendant, before the jury were empaneled, had moved the Court for a continuance, his motion being supported by the following affidavit:

William G. LeDuc, Receiver of said bank, being duly sworn, says: "The above-entitled action was pending when he took charge of the Peoples National Bank of Fayetteville, and he retained the bank attorney, Thomas H. Sutton, Esq., to attend to this case, as all others to which the bank was a party previous to failure thereof. That he had no personal knowledge of the facts of the case, but he was assured by the said attorney that there was a good defence to said action; that the facts constituting the defence, and stated in the answer, were in the personal knowledge of George P. McNeill, cashier of the bank, who had sworn to the answer ; that the facts would be brought out by this evidence on the trial, and that the cause would be ready for trial whenever reached. This affiant further states that George P. McNeill, cashier formerly of said bank, gave him the same information as to his knowledge of the facts in the case, and assured the affiant he would be present at the trial at the present term of the Court ; that when the case was reached for trial at the present term the said George P. McNeill was not present, and the defendant was without the only witness who knew the facts constituting the defence, and who had conducted the arrangement with the plaintiff set forth in the answer—and whose evidence was and is indispensable to the defence.

"This affiant knows the fact that George P. McNeill was a witness under subpœna to the present term in a case instituted by him, as receiver, against J. T. Ritter and wife, which was set for trial at the present term ; the witness, McNeill,.

111—33

accepted service in writing of a subpœna issued by the Clerk, as witness for the affiant, and assured him he would be present; and affiant further says, that said McNeill, in his hearing and presence, assured said T. H. Sutton, attorney, that he would appear as witness without the service of a subpœna, and that this formality would not be necessary in this case.

"And affiant further says that, while the family of said McNeill resides in Fayetteville, he has a business office in Raleigh; it is unknown to this affiant why he was not present at this term.

"This affiant respectfully represents to the Court that great injury to the trust placed in his hands will be done, if the verdict rendered is allowed to stand; that the facts which defendant expects to prove are fully set forth in the answer already sworn to by McNeill, and he is the only person by whom they can be proved.

"The defendant expects to have the benefit of his evidence at the next term, should this motion for new trial be granted.

"That the witness is absent, without his knowledge, consent, or procurement, and greatly against his wishes.

"Upon the grounds herein stated, the defendant asks for a new trial."

The defendant excepted to the direction to the jury to respond as they did to the issue, and also to the refusal to grant a continuance on the affidavit.

*Mr. N. W. Ray*, for plaintiff.
*Mr. T. H. Sutton*, contra.

AVERY, J.: Commenting upon the assignment as error of the ruling of a trial judge refusing to grant a continuance, the Court said, in *Johnson* v. *Maxwell*, 87 N. C., 20, " we refer to this exception, not pressed here as a reviewable error, only to say that in the light of repeated decisions, and with the law well settled, we are unable to understand why it should

be the subject-matter of appeal." The ancient mode of trial by jury, which is declared sacred (Const., Art. I, § 19), is that which comes to us as an inheritance from the mother country. The Constitution confers the right to demand the intervention of a jury, not absolutely and unqualifiedly in all controversies arising in the Courts, but only in cases involving issues of fact. *Railroad* v. *Davis*, 2 Dev. &. Bat., 465. It is the office of the Legislature to provide for securing the benefit of this constitutional guarantee by declaring how such issues shall be raised. This duty has been performed by prescribing certain rules governing practice and pleading. *Armfield* v. *Brown*, 70 N. C., 27; *The Code*, § 391. The province of the jury is restricted to passing upon issues of fact raised by the pleadings in the light of the testimony offered. When no testimony is offered, it is the duty of the trial judge to determine the issues of law, if any are raised, and then to proceed to enter such judgment as either of the parties may have the right to demand upon the admissions of fact contained in the pleadings and the determination of the controverted questions of law. *Armfield* v. *Brown, supra.* The defendant admitted the allegation of the complaint that the plaintiff deposited the sum mentioned in her own name, and drew subsequently $2,088.16, leaving a balance of $3,387.62, the payment of which was refused when the check was presented on the 24th of December, 1889. Nothing more appearing, the plaintiff was entitled to recover, upon the admissions, the balance of the deposit, which she demanded, since such admissions were equivalent to a finding of a jury. *Bonham* v. *Craig*, 80 N. C., 224; *Stephenson* v. *Felton*, 106 N. C., 114; *Harris* v. *Sneeden*, 104 N. C., 369; *Oates* v. *Gray*, 66 N. C., 442. The new matter set up in the answer, and relied upon by the defendant, if admitted to constitute a valid defence, was deemed in law to have been denied. *The Code*, § 268; *Fitzgerald* v. *Shelton*, 95 N. C., 519; *Price* v. *Eccles*, 73 N. C., 162. The *onus* being upon the defendant, as an actor, to show that

the plaintiff authorized the application of the money deposited to the payment of the debt of her deceased husband, when he failed to offer any testimony to establish his defence, the case stood upon the complaints and admissions, just as though the new matter had never been pleaded, and it was not error in the Judge, therefore, to direct the jury to return a verdict for the unpaid balance of the money deposited, with interest from date of demand and refusal. *Wallace* v. *Robeson*, 100 N. C., 207 ; *Fortescue* v. *Makeley*, 92 N. C., 56 ; *Rogers* v. *Moore*, 86 N. C., 85.

The defence being in the nature of a plea by way of confession and avoidance, on failure to offer testimony the confession, as far as it went, was equivalent to the verdict of a jury, while the matter in avoidance, in the absence of proof offered to sustain it, could no more be considered than if it had never had been pleaded.   There was

No Error.