PENNIMAN & CO. v. B. J. ALEXANDER.

*Instruction to  Jury—Harmless Error.*

While the Court should not give instructions in the absence of evidence to which they are pertinent and that warrants them, it is nevertheless not reversible error to do so, when it does not prejudice the party complaining of such instructions.

Petition to rehear this cause, which is reported in 112 N. C , 778. It was first before this Court on appeal of defen-

dant, at September Term, 1892 (111 N. C., 427), when a new trial was granted him.

The errors set out in the defendant's petition for a rehearing are as follows:

" 1. It was erroneous to construe the instrument sued on solely by what appeared upon its face, and to exclude from consideration the surrounding circumstances.

" 2. It was error for the Court, in putting its construction, to stop where it did, without advising the jury when, upon the face of the instrument, or when, upon the face of the instrument interpreted in the light of the surrounding circumstances, the money sued for would become due from the defendant to the plaintiff.

" 3. It was erroneous for the Court to tell the jury that the defendant substantially admitted that its construction of the instrument was correct."

*Messrs. Chas. A. Moore* and *J. B. Batchelor*, for plaintiffs.

*Messrs. James H. Merrimon* and *Chas. A. Webb*, for petitioner-defendant.

Burwell, J.: Concerning the first three assignments of error, we deem it sufficient to say that the matters involved in them have all been heretofore considered by us, and the argument of counsel upon the hearing of this petition has failed to show us that we omitted to give attention to the exceptions to his Honor's charge, here again pointed out and insisted on.

The fourth assignment is as follows:

" 4. It was error to leave it to the jury to pass upon material facts, without evidence upon which the jury could find the existence of such facts."

This refers to the following portion of the charge:

" If the jury find that there was, at the time of the writing, this agreement, outside of the writing, and that Mooney quit

the building before he did the work which was to have been done before the second payment was to be paid, then the plaintiff cannot recover of the defendant in this action.

"Of course, if there was any fraud or collusion between Mooney and Alexander to defraud the plaintiff, Alexander could not by fraud avoid his liability. Or, if Alexander prevented Mooney from going on to complete the work, he could not be allowed by his own wrongdoing, by his unlawful interference, to prevent Mooney from doing the work, relieve himself from liability to pay.

"But the plaintiff must show you that there was such fraud and collusion, or that Alexander did prevent Mooney from going on with the work on his contract with Alexander."

It is to be noted in this connection that upon the trial, as "the case" shows, neither of the parties requested his Honor to give any special instructions, or excepted then to the instructions which he gave the jury. It is evident from the record that the issue of fact between the parties was well understood. His Honor had heard the examination of witnesses and their cross-examinations, and the argument of counsel to jury. No doubt it had been urged in the argument there, as it was here, that there were circumstances brought out in the evidence from which the jury might infer that the contractor's abandoning the work so soon after the defendant's acceptance of the order sued on was to enable the latter to escape liability for the payment of that order. It is often difficult to distinguish between that "very slight evidence"—"a scintilla" (*State* v. *White*, 89 N. C., 462)—which a jury should not be allowed to consider, and those facts and circumstances which rise to the dignity of substantial evidence of the thing intended to be established. His Honor had not only heard the words of the witnesses, but had had opportunity to observe their conduct. There was no request from the defendant's counsel to take away from the jury the consideration of this matter. Arguments had been made to

them, and no doubt, as we have said, the plaintiff's counsel, without objection on the part of the defendant, had urged that there was some foundation for his allegation that the contractor quit the work after the acceptance of the order and the delivery of plaintiff's brick, because of a collusive arrangement between the defendant and himself. Under these circumstances, his Honor seems to have felt it his duty to caution the jury in the defendant's behalf, and he said to them the words quoted above.

In *Leach* v. *Linde*, 108 N. C., 547, it is said : " The Court should not give instructions, special or otherwise, in the absence of evidence to which they are pertinent and that warrants them. It would be error to do so if they prejudiced the adverse party." The rule thus stated is well established. It seems to us that, under the circumstances, the instructions thus given by his Honor could not have prejudiced the defendant's cause. We do not say that there are not to be found in the testimony of the witnesses as set out in the case statements from which the jury might have been left to infer that there was collusion between the defendant and his contractor. We do not think it necessary now to review and analyze the evidence to determine that matter. The counsel of the plaintiff called our attention to many facts there set out which, as they insisted, supported their theory in this particular, and their argument upon this part of the cause confirmed us in the opinion that his Honor said nothing to the jury of which, under all the circumstances, the defendant can justly complain.          Petition Dismissed.