### J. E. KELLY v. F. OLIVER.*

*Contract—Contemporaneous Agreement—Premature Action—
Evidence.*

In order to secure the continuance of plaintiff's school, several persons,
less than twenty, signed a paper-writing agreeing to furnish the
number of scholars set opposite to their names for the scholastic
year ending June 30, 1892, at a specified sum for each scholar
"for the scholastic year." The defendant was the last to sign,
agreeing to furnish two scholars, but furnished none. The plain-
tiff brought suit against defendant April, 1892 : *Held*, (1) that it
was error, on the trial, to exclude testimony offered to prove that,
at the time of signing, the plaintiff agred that the contract should
not go into effect as to the defendant until twenty signatures
should be procured, the agreement not being a contradiction of the
terms of the contract but a contemporaneous agreement postpon-
ing its legal operation until the happening of a contingency ; (2)
that the contract was a special and entire contract and must be
performed before plaintiff can recover, and therefore the action
was prematurely brought.

This was a CIVIL ACTION, tried before *Armfield, J.*, and a
jury, at February Term, 1893, of MECKLENBURG Superior
Court.

The action was brought to recover the sum of $160, alleged
to be due by the defendant to the plaintiff, who was a school-
teacher, for tuition.

Plaintiff, as a witness in his own behalf, testified as follows:'
" I was teaching school in Charlotte; and began teaching in
the year 1891. The defendant signed the paper shown me;
I saw him sign it. The paper was as follows: 'In order to
secure the continuance of Prof. Kelly's school in Charlotte,
we the undersigned agree to furnish the number of scholars
opposite our respective names for the scholastic year begin-
ning in September, 1891, at the sum of $80 for the scholastic

---

*BURWELL, J. having been of counsel, did not sit.

year.' I began the scholastic year on the 9th day of September, 1891, and kept my school open until the end of the scholastic year, which was the last of May or the first of June, 1892. Defendant's pupils did not attend the school."

The defendant proposed to prove by the witness that before, and at the time of signing the paper, it was agreed between the plaintiff and the defendant that the paper should not be binding until the plaintiff had procured twenty (20) signatures to the paper.

This evidence, which defendant offered to introduce, was objected to by the plaintiff. The objection was sustained, and the defendant excepted.

Defendant asked the Court to charge the jury that plaintiff could not recover, as his action was brought before the cause of action had accrued, the action having been commenced in April, 1892, and the paper showing that the scholastic year did not terminate until May or June, 1892, and that, therefore, the money was not due, if at all, until May or June, 1892, when the service contracted for was fully performed.

The Court held that the money was due when the contract was made, or at least, at the beginning of the session, according to the legal construction of the said paper, and refused to give the instruction, and defendant excepted.

The Court charged the jury that if they believed the evidence the plaintiff was entitled to recover, to which the defendant excepted.

There was a verdict for the plaintiff in accordance with the said instruction and charge for the full amount of his claim, and from the judgment thereon the defendant appealed.

*Messrs. Jones & Tillett* and *F. I. Osborne*, for plaintiff.
*Messrs Walker & Cansler*, for defendant (appellant).

SHEPHERD, C. J.: As the name of the defendant is the last on the instrument, it cannot be claimed that the other par-

ties signed it in reference to his becoming a party. Neither does it appear that any specific sum was to be raised, so that the release of the defendant would increase the liability of the others. This being so, it was competent for the defendant to show that, although he signed the instrument, it was not to go into effect, as to him, until the plaintiff had procured the signatures of twenty others to the same. This does not contradict the terms of the writing, but amounts to a collateral agreement, postponing its legal operation until the happening of a contingency. *Penniman v. Alexander*, 111 N. C., 427. The contract sued upon is a special and entire contract, and must be performed before the plaintiff can recover. The scholastic year ended on the first of June, 1892, and this action was brought in April of that year. We think the action was prematurely brought. *Brewer v. Tysor*, 3 Jones, 180; *Lawing v. Rintels*, 97 N. C., 350. We have examined the authorities cited by plaintiff's counsel, and are of the opinion that they do not sustain his contentions.

There must be a                                    New Trial.