## PRATT v. CHAFFIN.

(Filed November 15, 1904).

EVIDENCE—*Contracts.*

> Evidence of a parol agreement between a purchaser of goods and the agent of the seller, that a written order was not to be binding unless it was satisfactory to another member of the firm of which the purchaser was a member, was competent.

ACTION by Walter Pratt & Company against G. W. Chaffin & Company, heard by *Judge W. R. Allen* and a jury, at Spring Term, 1904, of the Superior Court of STOKES County.

The plaintiffs sued the defendants upon an account for goods sold and delivered pursuant to a printed order of October 16, 1903, to which the firm name was signed by one of the copartners. The defendants admitted the signing and delivery of the order to plaintiffs' agent, who was their traveling salesman, but alleged that it was signed by the partner of Chaffin upon condition and with the agreement that it should be submitted to his partner Hill upon his return, and if not satisfactory to him that it should not bind the defendants, and in such event they would write to the plaintiffs at once and order them not to ship the goods; that the partner Hill, who was absent, and subject to whose approval the order was signed, returned in a short time and said that the contract was not satisfactory to him, and on the next morning, October 17, after the order was signed, the defendants wrote and mailed to the plaintiffs a letter asking them not to ship the goods, and that the partner Hill would retire and the firm would go out of business; that plaintiffs received the letter on October 21, and wrote defendants that they had received the order and shipped the goods on the 20th. The goods reached the town of Germanton, defendant's home, but they refused to take them from the depot, having notified

plaintiffs not to ship. Evidence tending to establish the defense was introduced under plaintiff's objection, to which they duly excepted.

The plaintiffs requested his Honor to give certain instructions to the jury to the effect that the order was not subject to be countermanded and that the letter of defendants to plaintiffs of October 17 was not a sufficient countermand. The Judge declined to give the special instructions prayed for, and among other things charged the jury "that if they found from the evidence that it was agreed at the time of signing the contract that it should not be binding on defendants unless satisfactory to Hill, that it was not satisfactory to Hill, that defendants notified plaintiffs and refused to receive the goods, to answer the issue 'No.'" Plaintiffs excepted. The jury found for defendants, and from a judgment on the verdict the plaintiffs appealed.

*J. D. Humphreys* and *N. O. Petree,* for the plaintiffs.
*Watson Buxton & Watson,* for the defendants.

CONNOR, J., after stating the facts. The exception of the plaintiffs is based upon the theory that the testimony in regard to the agreement, made prior to the signing of the order by defendant Chaffin, tended to contradict or add to the terms of the contract. This is a misconception of the purpose and effect of the testimony. The defendants admitted that the order for the goods was signed as alleged and that it was delivered to plaintiff's agent, but say that at the time of signing and delivering there was an express agreement that it was not of any binding force or validity unless satisfactory to Hill; that by virtue of this agreement the contract was incomplete, and that the assent of Hill was a condition precedent to the completion of the contract. In this consists the distinction between this case and those cited in the excellent

brief of plaintiff's counsel. The distinction is clearly pointed out in several cases to be found in the Reports. *Shepherd, C. J.,* in *Kelly v. Olliver,* 113 N. C. 442, speaking of testimony of this character, says: "This does not contradict the terms of the writing, but amounts to a collateral agreement postponing its legal operation until the happening of the contingency."

*Judge Miller,* in *Ware v. Allen,* 128 U. S., 590, thus states the principle upon which such testimony is admissible: "We are of the opinion that this evidence shows that the contract upon which this suit is brought never went into effect, that the condition upon which it was to become operative never occurred, and that it is not a question of contradicting or varying a written instrument by parol testimony, but that it is one of that class of cases well recognized in the law by which an instrument, whether delivered to a third person as an escrow or to the obligees in it, is made to depend as to its going into operation upon events to occur or to be ascertained thereafter."

*Devens, J.,* in *Wilson v. Powers,* 131 Mass., 539, says: "The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect. This is not to show any modification or alteration of the instrument, but that it never became operative and that its obligation never commenced."

*Crompton, J.,* in *Pym v. Campbell,* 6 E. & B., 88, says: "If the parties had come to an agreement, though subject to a condition not shown in the agreement, they could not show the condition because the agreement on the face of the writing would have been absolute and could not be varied, but the finding of the jury is that this paper was signed on the terms that it was to be an agreement if Abernathie approved of the invention, not otherwise. I know of no rule of law to estop parties from showing that a paper purporting to be

a signed agreement was in fact signed by mistake, or that it was signed on the terms that it should not be an agreement till money was paid or something else done." Elliott on Ev., Vol. I, sec. 575. These authorities amply sustain his Honor's ruling admitting the testimony.

The contention made by the plaintiffs that, because of the statement in the order, there was no understanding with the salesman, except as printed or written on the order, the defendants are prevented from showing the agreement, assumes the very question in controversy whether there was any valid, binding contract. The jury having found in accordance with the defendants' uncontradicted testimony, there was no contract to be varied or added to. It was the misfortune of the plaintiffs that their salesman sent them the order immediately and without informing them of the agreement which he had made with the defendants. This is one of a number of cases before us at this term in which parties have signed long and complicated printed contracts for the purchase of goods, and, in various forms, set up defenses based upon parol agreements with salesmen or agents. It would seem that men of intelligence, both vendors and vendees, would have learned the necessity of reading and understanding the terms and provisions of such contracts before signing and accepting them.

We have adhered to the well-settled principle that in the absence of allegation and proof of fraud or mutual mistake, the solemn contracts of men evidenced by their signature to printed or written agreements cannot be varied or changed by parol evidence. *Machine Co. v. Hill,* 136 N. C., 128, and *Register Co. v. Hill,* 136 N. C., 272.

This case comes clearly within the distinction pointed out. The instructions asked by the plaintiffs could not have been given. They assumed that a contract had been made and that the defendants were endeavoring to rescind it by coun-

termanding the order. The question of the right to counter-mand does not arise for the reasons given. There is no error, and the judgment must be

Affirmed.