JOHN A. GARRISON AND WIFE v. CASE THRESHING MACHINE COMPANY.

(Filed 24 April, 1912.)

1. Issues, Form of—Court's Discretion—Appeal and Error.

　　The form of issues being within the discretion of the trial judge, his decision as to them is not reviewable on appeal, if

they are sufficient for the parties to present their contentions, and develop their case, and the verdict will determine their rights and support the judgment.

### 2. Contracts, Written—Condition Precedent—Parol Evidence.

While parol evidence may not, as a rule, contradict the express terms of a written contract, the principle does not extend to the competency of evidence tending to show that the written instrument was to be effective only upon the performance of an unfulfilled condition precedent, as in such a case there never was a valid execution of the contract.

### 3. Same — Mortgages — Delivery on Condition — Breach—Innocent Purchaser—Foreclosure—Measure of Damages.

The purchasers of an engine gave a note and mortgage on their lands to secure the purchase price, which were transferred before maturity to an innocent purchaser for value, who, upon default in the payment of the note, foreclosed the mortgage by sale. In an action brought by the buyers of the engine against the seller for damages, it was held competent to show by parol evidence that the delivery of the note and mortgage was upon the condition precedent that the engine should prove satisfactory for a certain kind of work, which it could not do; and held, further, in this case, as it was found that the vendor had sold the note and mortgage given by the purchasers of the engine, to an innocent holder, in violation of this condition, and the mortgagors could not therefore redeem, the measure of damages was the value of the land sold under the mortgage.

### 4. Issues—Immaterial—Judgment—Harmless Error.

In this action an issue as to the fraudulent procurement by defendant of the contract becomes immaterial, as the verdict is sufficient, upon the other issues, to support the judgment rendered.

APPEAL from *Lyon, J.,* at November Term, 1911, of ROCK-INGHAM.

This action was brought to recover damages for the sale of certain land under mortgage, which was made under the following circumstances: The plaintiffs were solicited by two agents of the defendant to purchase one of its traction engines, they representing that the engine would haul from five to eight thousand feet of green lumber over the road from McIver to Reidsville in Rockingham County. The plaintiffs declined to buy the engine unless it would do this, and it was thereupon

agreed that they should sign the usual order for the engine and also notes and a mortgage to secure the price, with the understanding that the papers should be left with the agents and held by them until the engine was tested and it should be ascertained that it would haul the lumber as represented, and that the papers should not take effect until the test was made and the representation found to be true. The papers were accordingly signed and delivered to the agents under said agreement. The test of the engine was made by one of the defendant's engineers, and proved that the representation was utterly false and that the engine would be worthless to the plaintiffs. The defendant transferred the papers for value and before maturity, in violation of said agreement, to the Bank of Racine, and the bank sold the land under the power contained in the mortgage, after the plaintiffs had refused to accept the engine and demanded a return of the papers, with which demand the defendant refused to comply.

The court submitted issues to the jury, which, with the answers thereto, are as follows:

1. Were the real estate mortgage and contract referred to in the complaint signed and placed with Bowden and Iseley, or either of them, under the agreement and condition precedent that the papers were not to be delivered to the defendant and become operative unless the engine should meet the tests alleged to have been guaranteed by the defendant that it would meet? Answer: Yes.

2. Did the machine, upon the test, meet the conditions guaranteed as a condition precedent to the delivery of the contract and mortgage to the defendant? Answer: No.

3. Was the said mortgage taken by the defendant and thereafter assigned by it to a bank, in violation of an agreement by defendant that it would not treat the mortgage and contract as being executed unless the engine, upon test made, came up to the standard of efficiency guaranteed by defendant? Answer: Yes.

4. Did the defendant procure the delivery of the contract and mortgage to Bowden and Iseley by fraud, as alleged in the complaint? Answer: Yes.

5. What amount was due the said bank at the time it received said mortgage? Answer: $1,542.

6. What was the amount of freight paid by the plaintiff and the value of the real estate described in the mortgage at the time of the sale of the property to satisfy said mortgage? Answer: $2,081.

7. Could the plaintiff have paid off the mortgage and have redeemed the real estate described in the mortgage? Answer: No.

Judgment was entered upon the verdict for the plaintiff, and the defendant appealed.

*P. W. Glidewell, A. L. Brooks, J. H. Vernon, and E. J. Justice for plaintiffs.*

*Johnson, Ivie & Dalton and Dorman Thompson for defendant.*

WALKER, J., after stating the case: The defendant tendered certain issues, and, without setting them out, it is sufficient to say that they did not embrace the questions raised by the pleadings, and were, therefore, properly rejected by the court. Those adopted by the court were sufficient for the defendant to present its contentions and to develop its case, and this is all that could be asked. The form of the issues are within the discretion of the judge, provided they are sufficient to determine the rights of the parties and to support the judgment. *Roberts v. Baldwin,* 155 N. C., 276; *Clark v. Guano Co.,* 144 N. C., 71; *Kimberly v. Howland,* 143 N. C., 398; *Fields v. Bynum,* 156 N. C., 413. We also think that the testimony of the plaintiffs, as to the transactions and dealings between them and defendant's agent, was competent. It does not fall within the rule excluding parol evidence of the contents of a written instrument and requiring the production of the paper. This is not an action for the breach of a written contract, but the theory upon which it rests is that the instrument was never delivered, and this is the principal question in the case. If the contract had been executed, or the writing delivered to the agents, with the understanding that it should presently take effect, the plaintiff could not, by parol evidence, contradict or vary its terms. *Moffitt*

*v. Maness,* 102 N. C., 457.    But this is not what was proposed
to be done, but, on the contrary, the purpose was to show that
the contract never had any existence in fact.

The case is governed, in all its features, by *Pratt v. Chaffin,*
136 N. C., 350, and *Bowser v. Tarry,* 156 N. C., 35.   In the
case last cited *Justice Hoke,* quoting from *Walker v. Venters,*
148 N. C., 388, and commenting upon the same and other
cases, said:    "Even when a contemporaneous oral stipulation
would be otherwise received, because it too was a part of the
contract, this will not be allowed when it contradicts the portion
of the agreement which is reduced to writing.   This is well
stated by the present *Chief Justice* in *Walker v. Venters,* as
follows:  'It is true that a contract may be partly in writing
and partly oral (except when forbidden by the statute of
frauds), and in such case the oral part of the agreement may
be shown; but this is subject to the well-established rule that
a contemporaneous agreement shall not contradict that which
is written.   The written word abides.'   While this position is
unquestioned, it is also fully understood that although a written
instrument purporting to be a definite contract has been signed
and delivered, it may be shown by parol evidence that such
delivery was on condition that the same was not to be operative
as a contract until the happening of some contingent event, and
this on the idea, not that a written contract could be contra-
dicted or varied by parol, but that until the specified event oc-
curred the instrument did not become a binding agreement be-
tween the parties.   It never in fact became their contract.   The
principle has been applied with us in several well-considered
decisions, as in *Pratt v. Chaffin,* 136 N. C., 350; *Kelly v.
Oliver,* 113 N. C., 442; *Penniman v. Alexander,* 111 N. C.,
427, and is now very generally recognized."

And in *Ware v. Allen,* 128 U. S., 590, the Court held that
"Parol evidence is admissible in an action between the parties
to show that a written instrument executed and delivered by
the party obligor to the party obligee absolute on its face was
conditional and not intended to take effect until another event
should take place."   It is said in Anson on Contracts (Am.
Ed.), p. 318:   "The parties to a written contract may agree

that until the happening of a condition, which is not put in writing, the contract is to remain inoperative." The principle is a familiar one and is directly applicable to the facts of this case. It has been well stated, in its application to similar facts, by *Judge Devens* in *Wilson v. Powers,* 131 Mass., 539, as follows: "The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to void its effect. This is not to show any modification or alteration of the instrument, but that it never became operative and that its obligation never commenced." And also by *Crompton, J.,* in *Pym v. Campbell,* 6 Ed. and Bl., 88, thus: "If the parties had come to an agreement, though subject to a condition not shown in the agreement, they could not show the condition, because the agreement on the face of the writing would have been absolute and could not be varied; but the finding of the jury is that this paper was signed on the terms that it was to be an agreement if Abernathie approved of the invention, not otherwise. I know of no rule of law to estop parties from showing that a paper purporting to be a signed agreement was in fact signed by mistake or that it was signed on the terms that it should not be an agreement till money was paid or something else done." Those two cases were cited with approval in *Pratt v. Chaffin, supra.* See also 1 Elliott on Ev., sec. 575; *Gazzam v. Insurance Co.,* 155 N. C., 330. As practically all of the defendant's exceptions are based upon a misapprehension of this rule, as the one controlling the case, they cannot be sustained.

We do not think that the trial judge expressed any opinion upon the facts. He was merely stating the contentions of the respective parties in that part of the charge to which this exception was taken.

As the defendant passed the papers to an innocent purchaser for value, and plaintiff cannot recover the land, they are entitled to be compensated by the defendant for the loss they have sustained by its wrongful act, which, in this case, is the value of the land. *Sprinkle v. Wellborn,* 140 N. C., 163; Hale on Damages, 72.

It is unnecessary to discuss the exceptions relating to the fourth issue, as, without this issue, the verdict is sufficient to support the judgment (*Sprinkle v. Wellborn, supra*), though we think they are without merit, as there was some evidence of the fraud.

No error.