O. F. WHITE v. FISHERIES PRODUCTS COMPANY.

(Filed 29 March, 1922.)

**1. Escrow—Bills and Notes—Negotiable Instruments—Evidence—Parol Evidence—Contracts.**

The maker of a negotiable note may show, as between the original parties, a parol agreement that the payee had accepted it to be valid only upon the happening of a certain event, and in violation thereof had transferred it to an innocent purchaser for value, in due course, in his action to recover the amount of the note that he had been forced to pay to the holder, when the agreement resting in parol does not vary, alter, or contradict the written terms of the instrument.

**2. Same—Vary, Alter, or Contradict.**

It may not be shown by parol that a negotiable note was to be held in escrow in contradiction of its express written terms that the payee may cash it before maturity, and the maker would pay it when it should become due.

**3. Escrow—Evidence—Fraud—Appeal and Error—Questions for Jury— Evidence.**

> Where there is allegation and evidence that the defendant had fraudulently negotiated a note in violation of a parol agreement that it should be held in escrow, to the loss of the plaintiff in being compelled to pay the note in the hands of a purchaser for value in due course, it is reversible error for the trial judge to refuse to submit the issue of fraud and have only that relating to the establishment of the escrow relied upon by the plaintiff, which was answered by the jury for defendant under a peremptory instruction.

APPEAL by defendant from *Calvert, J.,* at November Term, 1921, of BERTIE. .

Civil action to recover damages for an alleged wrongful conversion and negotiation of plaintiff's promissory notes in violation of the understanding and agreement between the parties, that· same should remain in escrow and not become operative or effective unless and until the plaintiff sold his farm for $35,000, which he never did.

From a verdict and judgment in favor of plaintiff, the defendant appealed.

*Winston & Matthews and Gillam & Davenport for plaintiff.*
*Rountree & Carr and O. H. Guion for defendant.*

STACY, J.  Plaintiff alleges that on 17 June, 1920, he gave to the defendant's agent three promissory notes, aggregating the sum of $11,410, due 1 June, 1921, the same to be placed in the Bank of Colerain for safe-keeping, and, in the event the plaintiff sold his farm in Chowan County before the maturity of said notes, it was understood and agreed that he would take them up by paying the principal sum with interest and receive 761 shares of the capital stock of the Fisheries Products Company; provided further, that should the plaintiff fail to sell his farm, as above stated, the notes were to be returned and all negotiations abandoned.  Instead of depositing said notes in accordance with the above understanding and agreement, it is alleged that defendant's agent wrongfully, fraudulently,. and with intent to cheat the plaintiff, negotiated said notes to the Bank of Colerain, which became an innocent purchaser thereof for value, and that the plaintiff was thereby forced to pay the same at maturity, although he had not been able to sell his farm, as contemplated, and the contingency upon which the notes were to take effect, as between the original parties, had not occurred.

The law relating to conditionally delivered contracts has been sanctioned and approved by us in a number of carefully considered decisions, and it is now very generally recognized, applied, and followed in this as well as in other jurisdictions.  *Farrington v. McNeill,* 174 N. C., 420;

*Bowser v. Tarry,* 156 N. C., 35; *Gaylord v. Gaylord,* 150 N. C., 222; *Hughes v. Crooker,* 148 N. C., 318; *Aden v. Doub,* 146 N. C., 10; *Pratt v. Chaffin,* 136 N. C., 350; *Kelly v. Oliver,* 113 N. C., 442, and *Ware v. Allen,* 128 U. S., 590. It is said in Anson on Contracts (Am. Ed.), 318: "The parties to a written contract may agree that until the happening of a condition, which is not put in writing, the contract is to remain inoperative." And again, in *Wilson v. Powers,* 131 Mass., 539: "The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect. This is not to show any modification or alteration of the instrument, but that it never became operative, and that its obligation never commenced." These excerpts are quoted with approval in *Garrison v. Machine Co.,* 159 N. C., 285, where the same doctrine is announced by *Walker, J.,* in an elaborate review of the authorities on the subject now in hand.

But defendant contends that the foregoing principles are not applicable to the facts of the instant case; or, at least, that the evidence tending to bring them into operation cannot be admitted without violating other equally well known and established rules of procedure. On the back of each note, over the signature of the plaintiff, appears a printed endorsement in the following words: "To any bank or banker anywhere: This is to certify that this note is given as a cash consideration. Therefore, it will be satisfactory to me for the holder to cash this note before it is due. And I will pay same in full at maturity to the purchaser." In addition to this endorsement, there was a clause in the contract for the purchase of the stock, duly signed by the plaintiff, as follows: "No condition or agreement, other than those printed herein, shall be binding on either the seller or the buyer."

It is clear from the foregoing endorsement and stipulation, in the contract of sale, that, in the absence of any fraud or mistake, the plaintiff will not be allowed to show the oral agreement in regard to placing the notes in escrow, as this would be in direct contradiction to the terms of his written contract. "It is a rule too firmly established in the law of evidence to need a reference to authority in its support, that parol evidence will not be heard to contradict, add to, take from, or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intend to be bound." *Ray v. Blackwell,* 94 N. C., 10. And to like effect are many decisions in our reports, too numerous to be cited here.

In *Walker v. Venters,* 148 N. C., 388, the present *Chief Justice,* speaking to this question, aptly said: "It is true that a contract may

be partly in writing and partly oral (except when forbidden by the statute of frauds), and that in such cases the oral part of the agreement may be shown. But this is subject to the well established rule that a contemporaneous agreement shall not contradict that which is written. The written word abides, and is not to be set aside upon the slippery memory of man." See, also, *Moffitt v. Maness,* 102 N. C., 457, one of the leading cases on this subject, and *Sykes v. Everett,* 167 N. C., 600; *Mfg. Co. v. McCormick,* 175 N. C., 277; *Bland v. Harvester Co.,* 169 N. C., 418; *Guano Co. v. Livestock Co.,* 168 N. C., 447; *Thomas v. Carteret,* 182 N. C., 374, and cases there cited.

Plaintiff also alleges that the defendant's agent procured the notes in question by false and fraudulent representations, and he seeks, in this action, to recover for the loss thus occasioned by such deceit, etc., etc. But there was no issue of fraud submitted to the jury. His Honor held that, under *Hughes v. Crooker,* 148 N. C., 318, such would not be necessary and directed a verdict for the plaintiff on a simple issue of indebtedness. This, we think, was erroneous.

Upon the instant record, unless the plaintiff can make good his allegation of fraud, it appears that his recovery must be denied.

For the error as indicated, there must be a new trial or a *venire de novo,* and it is so ordered.

New trial.