SUMMIT AVENUE BUILDING COMPANY v. J. P. SANDERS ET AL.

(Filed 26 April, 1922.)

1. **Contracts, Written—Breach—Stipulated Damages—Parol Evidence.**

The written contract between the plaintiff and defendants in express terms leased to the defendants a town lot of plaintiff's under the defendants' unconditional agreement to form a hotel company in ten days, and erect thereon in a specified time a hotel at a certain cost, with the privilege of buying, etc., and that the defendants execute a note for the amount · of the first year's rent, which should become the property of the plaintiff in the event the defendants failed to comply with the obligations they had assumed. The defendants did not deny execution of the contract or its breach by them: *Held,* their defense that it was contemporaneously agreed by parol, that the transaction should not be effective should the defendants fail to organize the company within the ten days agreed upon was inadmissible as varying the terms of the writing, and being liable for the first annual rent they could not take advantage of their own default in not giving the note.

2. **Same—Evidence—Admissions—Instructions—Verdict Directing.**

Where the plaintiff's evidence is sufficient to sustain his allegation for damages for breach by the defendants of their contract, and the defendants have not interposed or offered sufficient evidence of a valid defense, a verdict in the plaintiff's favor should be directed by the court.

APPEAL by plaintiff from *Long, J.,* at February Term, 1922, of GUILFORD.

Civil action to recover damages for an alleged breach of contract, the material parts of which are as follows:

GREENSBORO, N. C., 25 October, 1919.

Memorandum of agreement between J. P. Sanders and W. E. Hockett, called the lessees, and Summit Avenue Building Company, called the lessors:

The lessees agree to form a hotel company, to be known as the North Carolina Hotel Exchange Company, within ten (10) days from this date.

The lessors agree to lease to said hotel company all that lot and parcel of land in Greensboro, N. C., at the southwest corner of Greene and Washington streets, being about 113.30 feet on the south side of Washington Street, and 125 feet on the west side of Greene Street, for a period of eight years, at an annual rental of $6,000, payable in advance 1 January of each year, beginning 1 January, 1920. First payment to be made by promissory note of said lessees and their associates, payable 1 July, 1920, with interest at six per cent from 1 January, 1920; lease to provide that hotel company, which is the lessee therein, shall have the option at the beginning of the ninth year, to purchase said property and hotel thereon for $8,775, payable 1 January, 1928. This option to be exercised at any time after 1 January, 1927, and is conditional on all the terms and conditions of this contract and lease to hotel company being fully performed and complied with.

It is an essential part of this agreement and to be a condition of said lease, that the lessees of said hotel company cause to be erected on said premises a hotel of in the neighborhood of 200 rooms and to cost approximately $350,000 or more for the building, and to furnish same with furniture and equipment to cost approximately $100,000.

The note above referred to is to stand as security for the starting of the erection of said hotel on or before 1 July, 1920, and in event of failure to start erection of hotel within that time, this agreement and lease thereunder to be and become null and void, but said note, nevertheless, to be paid by the makers thereof to the Summit Avenue Building Company.

It is understood and agreed that a formal lease is to be executed by the Summit Avenue Building Company to the hotel company embodying the above terms and conditions, and further containing the covenants by the lessees to pay all State, county, municipal, or other taxes or assessments against said property or assessments for paving streets or sidewalks adjacent thereto. Said property shall not be used during continuance of lease for any purpose other than hotel purpose, except it may have a barber shop or other stores in hotel building, and in order to entitle the lessee to exercise option and purchase said property at end of the eight years, the hotel as herein above specified, must be fully built and completed during the period of lease.

Plaintiff alleges that the defendants, after entering into the foregoing agreement, failed and refused to perform their part of the contract by declining to form the hotel company and by refusing to execute the rental note as contemplated by the memorandum of agreement. This suit is to recover the sum of $6,000; plaintiff contending that under the terms of the contract said amount was to be paid in any event.

From a verdict and judgment in favor of the defendants, the plaintiff appealed.

*J. S. Duncan and R. C. Strudwick for plaintiff.*
*Cooke & Wyllie and A. L. Brooks for defendants.*

STACY, J.　The execution of the contract here sued on is admitted by the defendants; but they alleged that it was further understood and agreed between the parties, at the time of the making of said memorandum of agreement, that if the hotel corporation were not organized within the stipulated period of ten days, "the whole business would be off, and that there should be nothing to it, and that it would not be binding on any one." There is no allegation of fraud or mistake.

It will be observed that this alleged oral contemporaneous agreement is at variance with and contradicts the terms of the written contract. The defendants, therefore, are not in position to show it by parol evidence. *White v. Fisheries Co., ante,* 228, and cases there cited. The first year's rent of $6,000 was to be paid on 1 January, 1920. It is true the contract provided that this might be arranged by the execution of an interest-bearing note, payable 1 July, 1920; but it was further stipulated that in the event the undertaking proved to be a failure, nevertheless the rental note in question was to be paid to the plaintiff. The note was not executed, but this was a breach of the agreement by the defendants themselves, and hence they are not in position to take advantage of it. To permit the defendants to show that the entire contract was to become null and void upon their failure to organize the hotel company within the given period of ten days would be to allow the defendants to annex a condition subsequent to their agreement and in direct contradiction of the express stipulation of the written instrument. This may not be done under our rules of procedure. *Bowser v. Tarry,* 156 N. C., 39.

The defendants having admitted the execution of the contract, and failing to allege or to show any valid defense to its enforcement, it follows that his Honor should have directed a verdict in favor of the plaintiff.

New trial.