### SUMMIT AVENUE BUILDING CO. v. J. P. SANDERS.

#### (Filed 18 April, 1923.)

1. **Contracts, Written—Conditions Precedent to its Binding Effect—Parol Evidence.**

    The principle upon which a contemporaneous verbal agreement may not be received in evidence to alter, vary or contradict the terms expressed in the contract, as written, applies when by the acts or agreement of the parties the written contract has become binding and enforceable; but where the contract has been written and its validity is made to depend upon the happening of a certain contingency, the principle does not apply, and a parol agreement to this effect may be shown in defense by a party who is sought to be held responsible for the breach of the written conditions.

**2. Same.**

Where a written contract of lease and option of purchase of a city lot of land for the purpose of erecting a hotel thereon within a stated period, specifying the rental and other matters included in the arrangement, has been signed by the parties, and the lessee is sued for a breach thereof, it is competent for him to show in defense to the action, that he and the lessor had previously agreed by parol that the written instrument should become effective and binding only upon his being able to interest certain persons in the building of the hotel, within a certain time, which he had been unable to do.

**3. Appeal and Error—Decisions—New Trials—Law of the Case.**

Where, upon a former appeal in the same case, it has been decided that the defendant could not show a contemporaneous parol agreement to vary a written contract, as a defense to an action for its breach; and it appears on the second appeal that through the amendment to his answer the defendant's testimony had been erroneously excluded on the second trial, tending to show that by a prior verbal agreement the written instrument should only be binding upon a contingency that had never occurred: *Held,* the former decision is not controlling as the law of the case upon a new trial ordered.

APPEAL by defendant from *Harding, J.,* at November Term, 1922, of GUILFORD.

Civil action to recover against defendant for rentals and damages for breach of contract shown forth in evidence as follows:

GREENSBORO, N. C., 25 October, 1919.

Memorandum of agreement between J. P. Sanders and W. E. Hackett, called the lessees, and Summitt Avenue Building Company, called the lessors.

The lessees agree to form a hotel company, to be known as the North Carolina Hotel Exchange Company, within ten days from this date.

That lessors agree to lease to said hotel company all that lot and parcel of land in Greensboro, N. C., at the southwest corner of Greene and Washington streets, being about 113.30 feet on the south side of Washington Street and 125 feet on the west side of Greene Street, for a period of eight years, at an annual rental of $6,000 payable in advance 1 January of each year, beginning 1 January, 1920. First payment to be made by promissory note of said lessees and their associates, payable 1 July, 1920, with interest at 6 per cent from 1 January, 1920, lease to provide that hotel company, which is the lessee therein, shall have the option at the beginning of the ninth year to purchase said property and hotel thereon for $8,775, payable 1 January, 1928. This option to be exercised at any time after 1 January, 1927, and is conditional on all the terms and conditions of this contract and lease to hotel company being fully performed and complied with.

BUILDING Co. *v.* SANDERS.

It is an essential part of this agreement and to be a condition of said lease, that the lessees of said hotel company, cause to be erected on said premises a hotel of in the neighborhood of 200 rooms and to cost approximately $350,000, or more, for the building, and to furnish same with furniture equipment to cost approximately $100,000.

The note above referred to is to stand as security for the starting of the erection of said hotel on or before 1 July, 1920, and in event of failure to start erection of hotel within that time, this agreement and lease thereunder to be and become null and void, but said note, nevertheless, to be paid by the makers thereof to the Summitt Avenue Building Company.

It is understood and agreed that a formal lease is to be executed by the Summitt Avenue Building Company to the hotel company embodying the above terms and conditions, and further containing covenants by the lessees to pay all State, county, municipal or other taxes or assessments against said property or assessments for paving streets or sidewalks adjacent thereto. Said property shall not be used during continuance of lease for any other purpose other than hotel purposes, except it may have a barber shop or other stores in hotel building, and in order to entitle the lessees to exercise option and purchase said property at end of the eight years, the hotel, as hereinabove specified, must be fully built and completed during the period of lease.

There was evidence on part of plaintiff tending to establish breach and damages.

Defendant in the pleadings denied that said paper-writing had ever become a contract between the parties, and offered evidence tending to show that the same had been signed and delivered only on condition that it would not become operative or binding on the parties unless within ten days they could interest certain designated men of means in the undertaking. That defendant, after making diligent effort, failed to procure the interest or aid of the persons named, and that the contract had therefore never become a binding agreement.

The cause was submitted on the following issues:

1. Was the memorandum of agreement signed and delivered upon the condition that it was not to become a binding contract unless the defendants secured the financial assistance of Mr. Gresham and others associated?

2. Is the defendant indebted to the plaintiff, and if so, in what amount?

The court having admitted the evidence of defendant to the effect above stated, ruled that same was not competent to vary the contract as written and charged the jury that if they should believe the evidence admitted as competent, they should answer the issues for plaintiff. Verdict and judgment for plaintiff and defendant excepted and appealed.

*J. S. Duncan and R. C. Strudwick·for plaintiff.*
*Cook & Wyllie and A. L. Brooks for defendant.*

HOKE, J.  It appears that on a former trial of the cause, defendants admitting the execution and existence of the contract sued on, had pled by way of defense and offered evidence tending to show that there was a contemporaneous oral agreement and by virtue of which defendants were to be released of the obligation of the written agreement if they failed in interesting certain designated persons in the enterprise within ten days from its date.  This claim having been established, there was judgment for defendants which on appeal was set aside, the Court being of opinion that the parol evidence on which the defense was based was incompetent as being in conflict with the terms of the written agreement.  See *Building Company v. Sanders,* 183 N. C., 413.  The opinion having been certified down, defendant was allowed to amend his answer so as to allege that the paper-writing sued on had never become the contract of the parties, but that same had been delivered with the express understanding and agreement that it was not to bind the parties or become operative as a contract unless and until they could within ten days interest certain men of means in the enterprise.  There was evidence by defendant in support of this position, and at first received, but later his Honor, being of opinion that the evidence was incompetent as violating the written contract, same was withdrawn by him over defendant's objection, and plaintiff thereupon recovered judgment.  It is held with us that "while the express terms of a written contract may not be varied by a contemporaneous oral agreement, it may be alleged and shown the delivery of the written instrument was on condition that the same should not be regarded as a contract until the happening of some contingent event."  In *Bowser v. Tarry,* 156 N. C., 38, the position is stated as follows: "That although a written instrument purporting to be a definite contract has been signed and delivered, it may be shown by parol evidence that such delivery was on condition that the same was not to be operative as contract until the happening of some contingent event, and this on the idea, not that a written contract could be contradicted or varied by parol, but that until the specified event occurred the instrument did not become a binding agreement between the parties."  And so expressed, the principle has been repeatedly approved and applied in our decisions.  *Thomas v. Carteret,* 182 N. C., 374-378; *White v. Fisheries Co.,* 183 N. C., 228; *Mercantile Co. v. Parker,* 163 N. C., 275; *Garrison v. Machine Co.,* 159 N. C., 286; *Pratt v. Chaffin,* 136 N. C., 350.  And we may not allow the argument of appellee that the contrary is the law of the case by virtue of the former opinion.  That is a position that prevails

when the pleadings and evidence are the same or practically so and where there is a substantial change in both there is error and ‚this will be certified that there may be a new trial had of the cause.

New trial.