CRAIG-LITTLE REALTY AND INSURANCE COMPANY and W. A. WATSON v. J. G. SPURRIER and WIFE, WILLIE AUSTIN SPURRIER.

(Filed 16 December, 1925.)

**1. Contracts—Parol Evidence—Written Contracts.**

Parol evidence is inadmissible to contradict, vary or add to the terms of a written contract, and is only competent to show such parts thereof as were not contained in the writing or intended so to be, when not in contravention of the statute of frauds.

**2. Same—Statute of Frauds—Principal and Agent—Lands.**

Where an agency for the sale of lands is created absolute and entire in form, with agreement on the part of the owner to convey the title within a specified time, it is incompetent for the owner to prove by parol

evidence that it was on condition that others should likewise include their lands in the same locality as a whole, upon like conditions, at varying prices, the same being contradictory to the terms of the contract sued on and required by the statute of frauds to be in writing.

APPEAL by plaintiffs from *Lane, J.,* at March Term, 1925, of the Superior Court of MECKLENBURG.

The defendants executed and delivered to the Craig-Little Realty and Insurance Company the following paper:

### EXCLUSIVE AGENCY CONTRACT.

We hereby authorize Craig-Little Realty and Insurance Company to act as our agent, for a period of thirty days from date, 8 December, 1923, to negotiate the sale of our property described at the price of $3,000 net to us. In the event of sale, I agree to furnish good and sufficient title.

Location, 902 E. 4th. Lot, about 48 x 113. Terms: Cash.

                                              J. G. SPURRIER, *Owner.*
Witness: A. G. Craig.                        MRS. J. G. SPURRIER, *Owner.*

The plaintiffs allege that in pursuance of this agency contract they agreed with W. A. Watson to sell him the lot for cash; that Watson was ready, able and willing to comply with the terms of his agreement, and that he demanded of the defendants a title in fee. They allege also that on 5 January, 1924, they gave personal notice to the defendants of said sale and demanded a deed from them for the property; that the defendants failed to execute such deed and were notified by the plaintiffs within the thirty days specified in the contract that the sale had been made and that the execution of a deed was demanded. The plaintiffs offer to pay the sum of $3,000 to the defendants, and upon their refusal to accept pray judgment for specific performance, in accordance with the terms of the contract.

The defendants admit the execution of the agency contract, and by way of defense allege that some time early in December A. G. Craig, of the Craig-Little Realty and Insurance Company, approached the executors of the estate of Mrs. Ida L. Austin, deceased, and wanted to secure an agency contract for the sale of the real property belonging to said estate located on McDowell and Fourth streets, and the said A. G. Craig, learning that the defendants were the owners of a lot in the midst of the estate property, approached the defendants for an agency contract on their lot, also stating that he could handle the estate property to a much greater advantage by handling the defendants' property with it; that the defendants told him they would, under no circumstances, be willing to put their property in for sale with the estate property, unless

their sister, Mrs. J. W. Ray, would put her lot in also, as they would not want to sell and have to move away. from the neighborhood in which their sister lived, but if their sister would consider putting her lot in, they would themselves consider the matter. They allege that the defendants and the executors of the estate of Mrs. Ida L. Austin, deceased, and Mrs. Ray, advised among themselves with reference to giving the plaintiff, Craig-Little Realty and Insurance Company, an agency contract for the sale of all the property on a basis of a total price of $29,500, divided as follows: Corner house, $12,000; lot on McDowell Street, $4,000; lot on Fourth Street, $6,000; Spurrier lot, $3,000; Ray lot, $4,500; that the defendants agreed with the said A. G. Craig that they would sign an agency contract, which they did upon the express condition and consideration that the same should be taken in connection with an agency contract signed by the executors of the estate of Mrs. Ida L. Austin, deceased, and an agency contract signed by Mr. and Mrs. J. W. Ray, and that all of the property should be sold as a whole; and that said agency contract was predicated and based on said condition and agreement; that the defendants were willing to sell their lot for less than its actual and real value, in order to effect a sale of the balance of the property adjoining, in which they had an interest, and the defendants would not have given Craig-Little Realty and Insurance Company an agency contract for the sale of their lot, to be sold separate and apart from the other property. They allege also that the plaintiffs did not get a purchaser for the estate property and did not get a purchaser for Mrs. Ray's lot, but knowing that the price placed upon the defendants' property was very small, undertook to get a purchaser for it, and are now seeking and attempting to make the defendants dispose of their lot separate and apart from the disposal of the other property, in absolute violation of the agreement between the defendants and the plaintiff, Craig-Little Realty and Insurance Company. The defendants also pleaded the statute of frauds in bar of the plaintiffs' recovery.

At the trial plaintiffs tendered the following issue:

"Is the plaintiff, W. A. Watson, entitled, as alleged in the complaint, to require the defendants to execute and deliver to the plaintiff a deed to the property described in the complaint?" This issue was declined and the plaintiffs excepted.

The court submitted the following issues and the plaintiffs excepted:

1. Were the defendants induced to sign the paper-writing attached to the complaint as Exhibit "A" by reason of the express condition and understanding that the same was to be effective as authority to sell only in the event the sale made was of the Mrs. J. W. Ray lot, the Ida L. Austin estate property, and the lot of the defendants, as alleged in defendants' further answer and defense? Answer: Yes.

2. Is the plaintiffs' cause of action barred by the statute of frauds, C. S., 988, for that no memorandum or note of contract sued on was put in writing and signed by the party to be charged therewith or by some other person by him thereto lawfully authorized? Answer: No.

3. Is the plaintiff, W. A. Watson, entitled, as alleged in the complaint, to require the defendants to execute and deliver to the plaintiff a deed to the property described in the complaint? Answer: No.

There was a judgment for the defendants and the plaintiffs appealed, assigning error.

*H. L. Taylor and C. H. Gover for plaintiffs.*
*Stewart, McRae & Bobbitt for defendants.*

ADAMS, J. This is an action to enforce the specific performance of a contract relating to land. The contract purports to have authorized the Craig-Little Realty and Insurance Company to act as the defendants' agent for a period of thirty days from 8 December, 1923, to effect a sale of their property at the net price of three thousand dollars. The defendants admit they signed the contract, but allege they did so upon the express condition that it should be taken in connection with similar contracts signed by J. W. Ray and his wife, and by the executors of Ida L. Austin, and that the several lots should be sold as a whole. They allege theirs was an agency contract predicated or based upon this express agreement. During the trial they offered evidence in support of these allegations. The plaintiffs objected, but the evidence was admitted, and the first thirteen exceptions which go to the heart of the controversy are an assault upon the competency of this evidence, the specific ground of exception being an alleged infringement of the rule which prohibits the admission of parol evidence to vary the terms of a written instrument.

In *Moffitt v. Maness,* 102 N. C., 457, it is suggested that there is too great a tendency to relax the settled rules of evidence against the admissibility of parol testimony to contradict, vary, or add to the terms of a written contract, and that there is danger of construing away a principle which has always been considered one of the greatest barriers against fraud and perjury. This is an ancient and basal principle in the law of evidence; and we have no disposition to abate its stringency or in any manner to impeach the quality or to impair the strength of the many decisions in which it has been approved and enforced by this Court. Lest by reason of its rigor and harshness it become an instrument of injustice, it is often relaxed in its application to writings which are incomplete, informal, or transitory; but on the theory that a written contract supersedes all verbal stipulations covering its terms, this elemental principle should be upheld in its integrity as an essential pro-

tection against the temptation to perjury and the commission of fraud. *Ray v. Blackwell,* 94 N. C., 10; *McAbsher v. R. R.,* 108 N. C., 344; *Cobb v. Clegg,* 137 N. C., 153, 157; *Basnight v. Jobbing Co.,* 148 N. C., 350; *Woodson v. Beck,* 151 N. C., 144; *Pierce v. Cobb,* 161 N. C., 300; *Wilson v. Scarboro,* 163 N. C., 380; *Potato Co. v. Jenette,* 172 N. C., 1; *Cherokee County v. Meroney,* 173 N. C., 653; *Farquahar Co. v. Hardware Co.,* 174 N. C., 369; *Patton v. Lumber Co.,* 179 N. C., 103; *Thomas v. Carteret County,* 182 N. C., 374; *Colt v. Turlington,* 184 N. C., 137.

The defendants admit this to be the general rule and do not seek to impair it; but they say that parol evidence was admissible to show that the contract of agency was executed and delivered on condition that it should not become effective as a contract unless the other property was included in the sale. The rule on which they rely is familiar. In *Bowser v. Tarry,* 156 N. C., 35, it is stated in the following language: "Although a written instrument purporting to be a definite contract has been signed and delivered, it may be shown that the same was not to be operative as a contract until the happening of some contingent event, and this on the idea, not that a written contract could be contradicted or varied by parol, but that until the specified event occurred the instrument did not become a binding agreement between the parties," a principle which has been sanctioned and sustained by the Court in various combinations of facts. *Kerchner v. McRae,* 80 N. C., 219; *Braswell v. Pope,* 82 N. C., 57; *Penniman v. Alexander,* 111 N. C., 427, affirmed in 115 N. C., 555; *Kelly v. Oliver,* 113 N. C., 442; *Pratt v. Chaffin,* 136 N. C., 350; *Aden v. Doub,* 146 N. C., 10; *Hughes v. Crooker,* 148 N. C., 318; *Garrison v. Machine Co.,* 159 N. C., 285; *White v. Fisheries Co.,* 183 N. C., 228; *Overall Co. v. Hollister Co.,* 186 N. C., 208.

The defendants attempted to apply this principle to the facts developed by the evidence and upon this theory the trial judge submitted the first issue. In this issue, it will be noted is incorporated a part of the defendants' further answer and defense, in which the alleged agreement is stated to be that the defendants executed the agency contract "upon the express condition and consideration that the same should be taken in connection with an agency contract signed by the executors of the estate of Mrs. Ida L. Austin, deceased, and an agency contract signed by Mr. and Mrs. J. W. Ray, and that all of the property should be sold as a whole, and that said agency contract was predicated and based on said condition and agreement." It will be noted, also, that the written contract is absolute and unconditional. The defendants do not allege that it was to become effective as a contract only in the event that the several lots were sold as a whole, but, in substance, that there was an unwritten agreement between the parties that their contract

should be taken in connection with other similar contracts. The defendants' pleading and evidence tend to establish their unconditional agreement to sell their lot at any time within thirty days from 8 December, 1923, at the price of $3,000, and then to contradict the writing by engrafting the condition that unless all the lots were sold they should not be bound. The unconditional written agreement cannot be nullified by appending an antagonistic unwritten condition. It is not a case in which, if only a part of the contract is in writing and another part in parol, the latter may be shown by oral evidence, for the dual reason that the statute of frauds applies and one part of the agreement would be in direct conflict with the other. See *Evans v. Freeman,* 142 N. C., 61; *Typewriter Co. v. Hardware Co.,* 143 N. C., 97; *Farrington v. McNeill,* 174 N. C., 420; *Henderson v. Forrest,* 184 N. C., 230. In the submission of the second issue and in the charge we think there was error.

The defendants contend, however, that the answer to the first issue precludes the plaintiffs' alleged right to specific performance upon the doctrine enunciated in *Rudisill v. Whitener,* 146 N. C., 403, and in other cases. In his instructions to the jury his Honor seems to have treated the matters involved in the first issue as determinable by the question whether at law the paper signed by the defendants became effective as a contract, and not clearly to have presented the equitable principle in *Rudisill's case* in such way as to require a decision as to its concrete application. In the absence of instructions upon the specific question it is unnecessary that we express an opinion.

It is further insisted by the defendants that their motion for nonsuit should have been granted on the ground that the basis of the plaintiffs' suit is not an option, but a contract of agency, and as no memorandum was signed by the defendants or by the Craig-Little Realty and Insurance Company during the term of the agency the plaintiffs have failed to show a compliance with the statute of frauds, and therefore cannot recover. In our opinion the paper referred to as Exhibit "A" is more than the simple creation of an agency. True, the Craig-Little Realty and Insurance Company was authorized to act as the defendants' agent; but the defendants agreed in the event of a sale at the price of $3,000 net to them to furnish a good and sufficient title to the lot. The fact that they were to receive $3,000 net would seem to indicate that the company had a pecuniary interest in the contract—the contemplated right to sell at a price in excess of $3,000. It did not acquire the lot under the contract, but a right in the event of a sale to call for the execution of a deed by the defendants upon payment of the purchase price. The sale was to be made for the benefit of the company as well as for the benefit of the defendants.

For the errors pointed out there must be a
New trial.