LERNER SHOPS OF NORTH CAROLINA, INC., v. JEROME ROSENTHAL.

(Filed 6 June, 1945.)

### 1. Deeds §§ 5, 14a: Vendor and Purchaser § 5a—

A parol agreement of the conditional delivery of a deed conveying lands is valid, and it does not contradict the written instrument, but only postpones its effectiveness until after the condition has been performed or the event has happened. Such conditional delivery may be from grantor to grantee.

**2. Contracts § 11b: Vendor and Purchaser § 5a—**

  An option or offer is just as much subject to the law of conditional delivery as any other instrument; and where the delivery imposes a condition precedent to the effectiveness of the option itself, it cannot be converted into a contract without performing the condition. It takes the act of both parties to consummate a contract.

**3. Deeds § 5—**

  Whether a deed has been delivered in the legal sense is not dependent exclusively upon the question of its manual or physical transfer from the grantor to the grantee, but also upon the intent of the parties. Both the delivery of the instrument and the intention to deliver it are necessary to the transmutation of title.

STACY, C. J., dissenting.
SCHENCK, J., concurs in dissenting opinion.

APPEAL by defendant from *Grady, Emergency Judge,* at April Civil Term, 1945, of WAKE.

(Pertinent facts are stated in the opinion.)

*Bailey, Holding, Lassiter & Wyatt for plaintiff, appellee.*
*J. C. B. Ehringhaus for defendant, appellant.*

SEAWELL, J. The plaintiff brought this action to compel the specific performance of a contract for the lease of certain real estate of the defendant, located at the northwest intersection of Fayetteville and Hargett Streets in the city of Raleigh, North Carolina. The plaintiff set up in his pleading an option signed by the defendant, offering to lease the property at the stipulated terms, and acceptance by the plaintiff.

The defendant admitted that he signed and delivered the option, and, in due time, received notice in writing of the acceptance and intention to exercise the option; but in a further defense set up that the documents were signed and delivered only upon the condition that they would not become effective or binding for any purpose until the plaintiff had also, within the time mentioned in the option, secured options for the purchase or lease of certain adjoining properties described in the answer, which might materially add to the value of the leased property; and that, specifically, "the instrument and writings referred to in the complaint should not become effective and binding unless and until and only upon the contingency that said adjoining properties also should be similarly optioned for lease or purchase within the time mentioned in said instrument." Defendant further alleged that this condition had not been complied with, and that the "period allowed to the plaintiff to make said clauses and delivery effective has now expired."

Upon the trial the defendant assumed the burden of establishing his further defense.

Substantially, the evidence was as follows:

"I remember the time I executed this Exhibit B the time that I signed it. Preliminary to its signing I had been talking with Mr. Robin and Mr. Newsome representing Lerner Stores in that connection. In reply to the question, what, if anything, was said between you all with reference to delivery and effectiveness of that instrument, the witness stated, 'They told me positively if they didn't get the other leases on the Heller, Dillon and Thompson property they couldn't use my property, the 27 feet would be no good to them and they had to have somebody to start off and they wanted all four of the properties, that is, the Thompson, the Dillon and Heller, and they wanted to go all the way back and take in Thompson's property on Hargett Street. On no condition did they want my property unless they got that and if I would sign up that was the condition.' . . . I agreed to that."

"With reference to that I told them I would give them an option on that understanding. That understanding was prior to the time I signed to deliver that paper."

"They were the first to put forward the idea of it being conditioned on that, after thinking it over they said they would agree and I did agree to it, too. Preliminary to its signing I said under that condition I would sign it. I signed it on that condition. I delivered the option on that condition. They did not obtain options or conveyances of either of those other three properties before the time of this option expired. I don't think they have yet obtained them. Mr. Robin, the representative of Lerner Stores, said there was too little space there for the store building. I think that my property had a special value as to saleability and leaseability in connection with the adjoining property."

On cross-examination, the witness further reiterated the statement that he signed and delivered the instrument upon the condition stated, and added that "We discussed every phase of the situation and we discussed about the other property too. I started to leave and they said under that condition we had to have somebody first to sign up to get the options on the other three. . . . I didn't sign it until we had that understanding."

"He proposed that and Newsome said that under those conditions that somebody had to start rolling so they could get the other conditions."

After this evidence had been offered, the court excused the jury without submitting it to them, and, upon motion of counsel, signed a judgment giving the plaintiff the relief demanded, and requiring the defendant to execute a lease upon the described property according to the tenor of the options signed by him and their acceptance by the plaintiff. The defendant excepted and appealed.

Two questions only are posed upon this appeal: Whether delivery of an instrument relating to the lease or sale of real property may be the subject of conditional delivery by the grantor to the grantee, where the condition rests in parol, so as to defeat the effectiveness of the instrument when the condition is not performed; and if so, whether in this case the defendant was entitled to have his evidence of such conditional delivery submitted to the jury.

In many other jurisdictions it is an accepted rule that a deed, especially a deed for lands, cannot be the subject of conditional delivery from the grantor to the grantee. 16 Am. Jur., secs. 123, 124. In such case it has been held that the delivery is good but the condition is a nullity. This holding is generally upon the ground that the written instrument is not subject to parol contradiction.

This rule has been greatly relaxed with regard to deeds and instruments not purporting to convey real estate; and there are many reasons, not necessary now to state, why promissory notes and papers of like character, which it is contemplated shall have numerous signatures, might be excepted from the rule. One potential reason is that usually the parol condition cannot be said to contradict the written paper. Therefore, many of the cases of that character cited in the appellant's brief may not be considered as decisive of the matter, although they comprise a principle which in similar relations, our Court has applied to deeds relating to land; that is, that the parol agreement respecting delivery does not, in reality, contradict the written instrument, but only postpones its effectiveness until after the condition has been performed or the event has happened. *Jones v. Casstevens,* 222 N. C., 411, 23 S. E. (2d), 303; *Kindler v. Trust Co.,* 204 N. C., 198, 167 S. E., 811; *Metropolitan Life v. Dial,* 209 N. C., 339, 183 S. E., 609; *Jefferson Standard Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606.

While we have frankly stated the contrary rule, there can be no doubt that, as we have suggested, our Court has extended the doctrine of conditional delivery to cover instances where deeds or instruments affecting lands were so delivered directly by the grantor to the grantee, thus perhaps creating or adopting a minority rule. *Garrison v. Machine Co.,* 159 N. C., 285, 74 S. E., 821; *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028; *Building Co. v. Sanders,* 185 N. C., 328, 117 S. E., 3, and cases cited; *Thomas v. Carteret,* 182 N. C., 374, 109 S. E., 384. Disregarding immaterial factual differences, relating to the form and substance of the conditions, the cases are too pointed to ignore.

In *Gaylord v. Gaylord, supra,* the delivery of the deed, the record shows, was made directly from the grantor to the grantee, and of such delivery, *Justice Hoke,* speaking for the Court, said: ". . . in the case before us, if the instrument having been prepared and signed was then handed

over by Ebenezer to Sam Gaylord, not with the intent that the title should pass, but with the intent that Sam Gaylord should hold the same as a depository or subject to the control and call of Ebenezer, there was no delivery, and the title to the property descended to the plaintiffs, the children and heirs at law of Ebenezer, subject to the dower of his widow." There is cited with approval *Tarlton v. Griggs,* 131 N. C., 216, in which the Court said: "There must be an intention of the grantor to pass the deed from his possession and beyond his control, and he must actually do so with the intent that it shall be taken by the grantee *or by someone for him.* Both the intent and act are necessary for a valid delivery. Whether such existed is a question of fact to be found by the jury." (Above italics ours.) Supporting decisions of like import are cited; especially an extended quotation from *Porter v. Woodhouse,* 59 Conn., 568 (loc. cit. pp. 234, 235), that leaves little for speculation as to what the Court meant. A delivery upon condition that the instrument should never become effective according to its terms is, in principle, as much a conditional delivery as one made upon condition that the deed should become effective only upon the happening of a specific event.

*Thomas v. Carteret, supra,* is cited in appellee's brief in support of the position that the condition relied on by defendant contradicts the contract and cannot be shown by parol. Counsel seem to have overlooked the fact that the opinion recognizes and approves the principle of conditional delivery, saying: "The principle applicable to a conditional delivery has been sanctioned and approved by us in a number of carefully considered decisions; and it is now very generally recognized in this and other jurisdictions. *Farrington v. McNeill,* 174 N. C., 420; *Hughes v. Crooker,* 148 N. C., 318; *Aden v. Doub,* 146 N. C., 10; *Pratt v. Chaffin,* 136 N. C., 350; *Kelly v. Oliver,* 113 N. C., 442, and *Ware v. Allen,* 128 U. S., 590," citing Anson on Contracts (Am. Ed.), 318; *Wilson v. Powers,* 131 Mass., 539, and *Garrison v. Machine Co., supra,* all of which authorities are directly opposed to appellee's position. *Bank v. Mfg. Co.,* 213 N. C., 489, 493, 196 S. E., 484.

The decision in *Thomas v. Carteret, supra,* rested upon the fact that the defendant had admitted in open court that Carteret County was entitled to a judgment on the note and mortgage in question, thus cutting him out of the suggested defense. The Court observed: "To admit their present validity and binding force for any purpose, in advance of the happening of the contingent event upon which it is alleged they were to take effect, is at variance with the theory of a conditional delivery, and brings into operation other principles of law."

We can find no plausible distinction in principle between the cases we have cited and the case at bar.

It has been suggested that the plea of conditional delivery is not available against a consummated contract. What is a consummated contract? Can an optionee consummate a contract merely by notifying the optionor of acceptance, at the same time ignoring the condition on which the option is delivered? It takes the act of both parties to make a consummated contract; and an option or offer, although unilateral, is, *ex necessitate,* just as much subject to the law of conditional delivery as any other instrument. Under the defendant's evidence, the condition imposed was a condition precedent to the effectiveness of the option itself, and the plaintiff could not convert it into a contract without performing the condition. Its performance may have benefited the plaintiff as well, but defendant alleges, and attempted to prove, that he imposed it for his own benefit

In *Insurance Co. v. Cordon,* 208 N. C., 723, 725, 182 S. E., 496, the Court quotes, with approval, from *Gillespie v. Gillespie,* 187 N. C., 40, 41: " 'Whether a deed has been delivered in the legal sense is not dependent exclusively upon the question of its manual or physical transfer from the grantor to the grantee, but also upon the intent of the parties. Both the delivery of the instrument and the intention to deliver it are necessary to a transmutation of title. Upon the evidence adduced, the ultimate question of delivery was therefore properly submitted to the jury. *Gaylord v. Gaylord,* 150 N. C., 222; *Fortune v. Hunt,* 149 N. C., 358; *Tarlton v. Griggs,* 131 N. C., 216.' *Carroll v. Smith,* 163 N. C., 204; *Lee v. Parker,* 171 N. C., 144."

The defendant is entitled to the benefit of his evidence and all the inferences from it, taken in the best light, as well as a fair and liberal construction of his pleading. Neither can be fairly construed at any point into an admission that he had signed or made any contract. He did admit the execution and delivery of the paper upon the conditions alleged in his answer, and so testified upon the trial in an attempt to establish the fact before the jury.

It follows that the defendant was entitled to go to the jury upon his plea of conditional delivery if the evidence offered tended to support such defense. We think it does.

The action of his Honor in dismissing the jury and signing the judgment tendered by the plaintiff was, in effect, a denial to the defendant of the benefit of his further defense and was erroneous. The judgment is stricken out, and the cause is remanded for a further hearing in accordance with this opinion.

Error and remanded.

STACY, C. J., dissenting: Civil action for specific performance of contract to lease land. *Knott v. Cutler,* 224 N. C., 427, 31 S. E. (2d), 359.

11—225

It is alleged in the complaint that on 8 May, 1944, the defendant gave the plaintiff a 60-day written option to lease his store building on the terms therein specified; that within the time allowed, the plaintiff notified the defendant in writing of its election to exercise the option according to its terms; that a contract was thereupon consummated; that thereafter plaintiff requested execution and delivery of lease, and that defendant has refused and still refuses to comply with his contract. *McAden v. Craig,* 222 N. C., 497, 24 S. E. (2d), 1.

The defense set up in the answer is that as a condition to the effectiveness of the option, it was understood the plaintiff would also obtain options to purchase or lease three adjoining properties and exercise them within the specified sixty days, which was not done. This understanding was by word of mouth. *Garrison v. Machine Co.,* 159 N. C., 285, 78 S. E., 821; 20 Am. Jur., 956.

The judgment contains the following recital:

"The defendant in open court admitted the contract as alleged in the complaint, subject only to the defense set up in the answer, and assumed the burden thereon, and the defendant having presented his testimony and rested his case, and the court being of opinion that the testimony of the defendant does not constitute a defense; It is, therefore, ordered, adjudged and decreed that the plaintiff is entitled to specific performance of the contract as set up in the complaint," etc.

It may be conceded the defendant's testimony is equivocal or contradictory. At one place he says: "We had an understanding that I wouldn't deliver it unless they got options on the adjoining property." Later, he said: "I had no understanding that is not in that letter." But this aside.

The defense of conditional delivery of the option is not available as against the subsequently consummated contract. Once an instrument becomes a binding agreement between the parties, it is no longer open to amendment, modification or contradiction by parol. *Ins. Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606; *Bank v. Dardine,* 207 N. C., 509, 177 S. E., 635. Parol evidence is admissible to show conditions precedent, which go to the effectiveness of the instrument, as that it shall only become operative on certain conditions or contingencies, *Roebuck v. Carson,* 196 N. C., 672, 146 S. E., 708, but such evidence is not admissible to show conditions subsequent, which provide for the nullification or modification of an existing contract. *Building Co. v. Sanders,* 183 N. C., 413, 111 S. E., 705; 32 C. J. S., 857.

Here the defendant "admitted the contract as alleged in the complaint," subject only to the defense of conditional delivery of the option. To admit the resulting contract was to forego the defense of conditional delivery of the prior instrument. *White v. Fisheries Products Co.,* 183

N. C., 228, 111 S. E., 182. "The unconditional written agreement cannot be nullified by appending an antagonistic unwritten condition." *Watson v. Spurrier,* 190 N. C., 726, 130 S. E., 624.

Moreover, the defense alleged is not strictly one of conditional delivery of the option, but of conditional right of acceptance on the part of the optionee (all alleged conditions were to be performed by the optionee), which was likewise defeated by an admission of the resulting contract. *Thomas v. Carteret,* 182 N. C., 374, 109 S. E., 384. The real defense is, that no effective contract was ever consummated *Bowser v. Tarry,* 156 N. C., 35, 72 S. E., 74; *Pratt v. Chaffin,* 136 N. C., 350, 48 S. E., 768. The allegation of the complaint is, that under and by virtue of the option and its acceptance "a contract to enter into a lease agreement exists between the plaintiff and the defendant." This is the contract which the judgment recites the defendant admitted in open court. *Building Co. v. Sanders, supra.*

It may be the recital contains an inaccurate statement of the admission, or what was intended to be admitted, and doubtless it does, nevertheless it clearly appears in the judgment and we are bound by it. *S. v. Dee,* 214 N. C., 509, 199 S. E., 730.

The manner of reaching the judgment will do, even if somewhat irregular. *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32. The practice is to affirm in the face of harmless error. *Cherry v. Canal Co.,* 140 N. C., 422, 53 S. E., 138. A directed verdict and judgment thereon would perhaps have been the practice usually followed, but as the same result has been accomplished by the judgment as entered, it would serve no useful purpose to disturb it.

SCHENCK, J., concurs in dissent.